CONCEPCION NOYOLA *et al.*, Plaintiffs-Appellants, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division) No. 1—93—3814

Opinion filed September 30, 1996.

Arturo Jauregui and Rosa M. Abreu, both of Chicago, for appellants.

Roland W. Burris, Attorney General (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of counsel), Joseph R. Lundy and Joseph J. Krasovec III, both of Schiff, Hardin & Waite, and Kathleen M. Gibbons, all of Chicago, for appellees.

PRESIDING JUSTICE TULLY delivered the opinion of the court:
Plaintiffs, Concepcion Noyola *et al.*, filed their second amended complaint in this class action suit against defendants, the Board of Education of the City of Chicago, School District 299, Richard Stephenson, interim superintendent, the Chicago School Finance Authority, Martin Koldyke, Chairman, the Illinois State Board of Education, and Richard Leininger, Superintendent, alleging that defendants violated the federal and state constitutional guarantees of equal protection of law, 42 U.S.C. § 1983 (1988) (hereinafter section 1983), and section 18—8 of the School Code (105 ILCS 5/18—8 (West 1992)). This is the second time this case is before this court. See *Noyola v. Board of Education*, 227 Ill. App. 3d 429 (1992). On remand, the circuit court dismissed plaintiffs' complaint under sections 2—615

and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 1992)). It is from the circuit court's order of October 7, 1993, dismissing the action that plaintiffs now appeal to this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 301 (155 Ill. 2d R. 301).

■ As a preliminary matter we address a procedural issue. The Chicago School Finance Authority has filed with this court a motion to dismiss itself as a party to this appeal which we have taken with the case. Sections 34A—401 through 34A—410 of the School Code (105 ILCS 5/34A—401 through 34A—410 (West 1994)), which are the only sections of the School Code granting it any power to review or otherwise involve itself in the budgets for Chicago public schools, have been suspended by the General Assembly until July 1, 1999, pursuant to section 34A—411(c) of the School Code (105 ILCS Ann. 5/34A—411(c) (Smith-Hurd Supp. 1996)). "It is a well-recognized principle of law that a reviewing court will decide only actual controversies in which the interests or rights of the parties to the litigation can be granted effectual relief. [Citation.] An appeal becomes moot when a court can no longer effect the relief originally sought by an appellant or when the substantial question involved in the trial court no longer exists." *HealthChicago, Inc. v. Touche, Ross & Co.*, 252 Ill. App. 3d 608, 610 (1993). In the case *sub judice*, the Chicago School Finance Authority has absolutely no power with regard to the budgets for Chicago public schools. Consequently, we can grant no effectual relief as between the Chicago School Finance Authority and plaintiffs and, therefore, as to the Chicago School Finance Authority, this appeal is moot. Accordingly, we grant the motion to dismiss the Chicago School Finance Authority from this action. That said, we now turn to the substantive issues left between the remaining parties.

The pertinent facts are as follows: Section 18—8(i)(1) of the School Code provides state funds for the dual purpose of improving educational opportunities for economically disadvantaged children and attenuating the fiscal disparities of Illinois' school funding scheme, which relies heavily on real estate taxation. These state monies are commonly known as "chapter 1" funds. The legislative scheme allocates chapter 1 monies to public schools according to a weighing factor based on the percentage of students eligible for free or reduced price lunches under the Federal Child Nutrition Act of 1966 (42 U.S.C. § 1771 *et seq.* (1988)) and the Federal National School Lunch Act (42 U.S.C. § 1751 *et seq.* (1988)). Thus, public schools with high concentrations of low income students are entitled to significant amounts of chapter 1 funds.

In order to make sure that these targeted funds ended up assisting low income students, the General Assembly mandated that chapter 1 funds could not be compensated for or contravened by adjustments of the total of other funds appropriated to a school. 105 ILCS 5/18—8(A)(5)(i)(1)(a) (West 1992). In other words, a school district cannot dip into chapter 1 funds to cover general costs; the monies are to be a purely supplemental grant to assist poor children with special supplemental programs. See 105 ILCS 5/18—8(A)(5)(i)(1)(c) (West 1992). It is this legislative mandate that plaintiffs allege defendants have violated.

A 1988 study conducted by the Chicago Panel on Public School Policy and Finance concluded that the Board of Education of the City of Chicago used the majority of chapter 1 support, $166.3 million out of $238 million, to provide basic programs to all Chicago schools, regardless of the proportion of enrolled qualifying low income students. The study also concluded that a number of other misuses of chapter 1 funds occurred in Chicago public schools. Plaintiffs contend that such misuse of chapter 1 funds has been going on for well over a decade and continues today. In December 1992, the Illinois State Board of Education promulgated regulations dealing with chapter 1 funds which plaintiffs allege are in violation of sections 34A—401 through 34A—410 of the School Code (105 ILCS 5/34A—401 through 34A—410 (West 1994)). Accordingly, the second amended complaint also challenged these regulations.

On remand from the previous appeal, the circuit court dismissed plaintiffs' complaint, holding that no private right of action could be implied under the chapter 1 statute and that plaintiffs' complaint was factually insufficient. The trial court also ruled that plaintiffs' federal and state equal protection claims were invalid. The instant appeal followed.

We note that the trial court's dismissal of this cause under sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 1992)) is subject to our *de novo* review. See *Demos v. National Bank*, 209 Ill. App. 3d 655 (1991); *Owens v. Midwest Tank & Manufacturing Co.*, 192 Ill. App. 3d 1039 (1989). Accordingly, for our analysis here we take all facts pled by plaintiffs as true and view them in a light most favorable to them. *Demos*, 209 Ill. App. 3d 655; *Owens*, 192 Ill. App. 3d 1039.

Plaintiffs argue that the trial court erred in finding that the School Code implies no private right of action with regard to chapter 1 funds. We agree.

■ Implication by statute of a private right of action is appropriate when: (1) a plaintiff is a member of the class for whose benefit a

piece of legislation was enacted; (2) it is consistent with the underlying purpose of the legislation; (3) a plaintiff's injury is one the legislation was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the legislation. *Rodgers v. St. Mary's Hospital*, 149 Ill. 2d 302, 308 (1992); *Corgan v. Muehling*, 143 Ill. 2d 296, 312-13 (1991); see also *Sawyer Realty Group, Inc. v. Jarvis Corp.*, 89 Ill. 2d 379 (1982).

■ With regard to the first part of the test, it is clear that, in enacting sections 34A—401 through 34A—410 of the School Code (105 ILCS 5/34A—401 through 34A—410 (West 1994)), the General Assembly intended to benefit economically disadvantaged children attending public schools. Therefore, plaintiffs, parents in their representative capacity for their qualifying children, are surely the class of persons for whose benefit the legislation was written.

As for the second part of the test, we believe it has been met. The underlying purpose of chapter 1 funding is to provide economically disadvantaged students with an entitlement that supports supplemental educational programs for them. Chapter 1 monies have been allocated by the General Assembly to provide a more equitable distribution of funds and to promote equal educational opportunities through the financial support of educational programs designed to meet their special needs. Thus, implying a cause of action is consistent with the underlying purpose of the legislation.

With respect to the third part of the test, it also has been met. There is no doubt that chapter 1 funding was designed to prevent children from low income families from being injured by the inherently unequal system of funding public schools primarily through real estate taxation that is employed in Illinois. Without chapter 1 and other additional federal and state educational programs, funding of public schools in inner city and rural areas, whose tax bases are not as great as those of more affluent suburban communities, would be even more disparate than it already is. Thus, we find the legislation was designed to prevent the particular injury alleged to have been suffered by plaintiffs.

We find the fourth part of the test has been met. While it is true that the School Code provides that, as a remedy, the Illinois State Board of Education can reject a proposed budget by the Board of Education of the City of Chicago that proffers a misuse of chapter 1 funds, the legislation does remedy a situation such as is alleged in the case *sub judice*. Under the alleged facts, both the Board of Education of the City of Chicago and the Illinois State Board of Education have and continue to permit the misuse of chapter 1 funds. In this situation, where all the state and local entities charged with

implementing the General Assembly's mandate have been alleged to have been derelict in doing so, a private right of action is both necessary and proper to provide the school children with an adequate remedy. Therefore, we find, under these circumstances that a private right of action exists and that plaintiffs are properly parties to this case and that the facts pled were sufficient. Accordingly, we reverse the circuit court on this point.

Next, we address plaintiffs' contention that the remaining counts were improperly dismissed. We disagree.

■ Initially, we note, as the trial court held, that plaintiffs abandoned their Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1992)) claim. "The law is well settled that, to preserve an issue for appellate review, a party must make the appropriate objections in the trial court or the issue will be deemed waived. *** The purpose of the requirement that a specific objection be made is to allow the court an opportunity to properly consider and rule upon it." *Gausselin v. Commonwealth Edison Co.*, 260 Ill. App. 3d 1068, 1079 (1994). During the trial court's explanation of its reasoning for dismissing the cause, the trial court held, without objection from plaintiffs, that they had abandoned this claim. Consequently, plaintiffs have waived this argument and this claim.

■ We briefly note that, after a careful review of the record, we find plaintiffs' section 1983 claims and attendant equal protection claims as well as the state constitutional claim under section 1 of article I of the 1970 Constitution to be both factually and legally insufficient. Accordingly, we find no error on the dismissal of these claims by the circuit court. Thus, only plaintiffs' implied cause of action under sections 34A—401 through 34A—410 of the School Code (105 ILCS 5/34A—401 through 34A—410 (West 1994)) remains.

In light of the foregoing, we affirm in part and reverse in part and remand this cause for further proceedings not inconsistent with the views contained herein.

Affirmed in part and reversed in part and remanded.

CERDA[1] and GREIMAN, JJ., concur.

---

[1]Justice Cerda participated fully in the decision of this case, replacing Justice Rizzi, who originally heard the oral argument of this case prior to his retirement. Justice Cerda has listened to the recordings of the oral argument and reviewed the briefs and the record herein.