DAVID B. GAEBLER, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. NEW MEXICO POTASH CORPORATION et al., Defendants-Appellees.

First District (3rd Division) No. 1—95—2869

Opinion filed November 27, 1996.—Rehearing denied January 15, 1997.

Clinton A. Krislov and Jonathan Nachsin, both of Chicago, Donald P. Alexander and Mark C. Rifkin, both of Haverford, Pennsylvania, Eugene Mikolajczyk and Kevin M. Prongay, both of Pacific Palisades, California, and Marguerite R. Goodman, of Wynnewood, Pennsylvania, for appellant.

Mitchell D. Raup, Antony S. Burt, and William T. Casey, all of Chicago, Richard J. Favretto, Marc Gary, Kerry Lynn Edwards, and Gary A. Winters, all of Washington, D.C., Stephen A. Marshall and Martin P. Michael, both of New York, N.Y., for appellees.

PRESIDING JUSTICE TULLY delivered the opinion of the court:
Plaintiff, David B. Gaebler, individually and on behalf of all others similarly situated, filed this purported class action against New Mexico Potash Corporation and other United States and Canadian corporations involved in the potash industry, alleging violations of the Consumer Fraud and Deceptive Business Practices Act (hereinafter the Consumer Fraud Act) (815 ILCS 505/1 et seq. (West 1994)). The action purported to represent indirect purchasers of potash.

Defendants moved to dismiss the action pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)), which the trial court granted. It is from the order dismissing plaintiff's complaint that he now appeals to this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 301 (155 Ill. 2d R. 301).

On appeal, plaintiff in essence argues that the trial court erred in holding that plaintiff's complaint was essentially a claim under the Illinois Antitrust Act (hereinafter the Antitrust Act) (740 ILCS 10/1 *et seq.* (West 1994)) that could not be brought pursuant to the Consumer Fraud Act. We note that the trial court's dismissal of this cause under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)) is subject to our *de novo* review. *Noyola v. Board of Education,* 284 Ill. App. 3d 128, 131 (1996).

In dismissing plaintiff's action, the trial court ruled that the gist of plaintiff's complaint was an Antitrust Act claim under the guise of a Consumer Fraud Act claim and that as such it was precluded by our supreme court's holding in *Laughlin v. Evanston Hospital,* 133 Ill. 2d 374 (1990). We agree with the circuit court.

In *Laughlin,* the trustees of two union health plans brought a class action on behalf of themselves and similar third-party payors who indemnify or insure patients for the cost of hospital services against 10 Chicago-area hospitals. The complaint alleged the defendants' pricing practices were illegal price discrimination in violation of the Consumer Fraud Act and the Antitrust Act. The supreme court held that the trustees' allegation of price fixing was insufficient to state a cause of action under either the Antitrust Act or the Consumer Fraud Act.

In affirming the circuit court's dismissal of the Antitrust Act count, the *Laughlin* court found that the Antitrust Act was patterned after the landmark Sherman Antitrust Act (15 U.S.C. § 1 *et seq.* (1988)) alone (*Laughlin,* 133 Ill. 2d at 381) and contains no direct counterpart to the Clayton Act (15 U.S.C. § 12 *et seq.* (1988)), as amended by the Robinson-Patman Act. The supreme court noted that the Clayton Act, which specifically prohibits, amongst other things, price discrimination, was enacted by Congress because the Sherman Act and other preexisting antitrust statutes did not cover such practices. *Laughlin,* 133 Ill. 2d at 386. Thus, the supreme court held that, in enacting the Antitrust Act, the General Assembly's embrace of federal antitrust law reached only to anticompetitive practices prohibited by the Sherman Act and not to conduct proscribed by the Clayton Act. *Laughlin,* 133 Ill. 2d at 386-88. Therefore, the court concluded that the trustees did not state a cause of action under the Antitrust Act.

■ The *Laughlin* court then went on to hold that the trustees' antitrust claims were not actionable under the Consumer Fraud Act and found:

> "There is no indication that the legislature intended that the Consumer Fraud Act be an additional antitrust mechanism. The language of the Act shows that its reach was to be limited to conduct that defrauds or deceives consumers or others. The title of the Act is consistent with its content. The Consumer Fraud Act states that it was enacted to 'protect consumers and borrowers and businessmen against fraud, unfair methods of competition and unfair or deceptive acts or practices.' (Ill. Rev. Stat. 1987, ch. 121½, par. 261.) Further indication that this is a statute directed against fraud and not one designed to be an additional antitrust enforcement mechanism is that every one of the specifically prohibited acts set out in the Act describes a situation where a buyer is being harmed by overreaching or fraudulent conduct. \*\*\* \*\*\*

> \*\*\* [T]he legislature in the Antitrust Act declined to include provisions against price discrimination because the legislature found that the inclusion of such provisions would be undesirable. To construe the Consumer Fraud Act to give a cause of action for discriminatory pricing that the legislature refused to give under the Antitrust Act would be incongruous. Legislation is designed to be consistent. It would be inconsistent to provide that the very conduct which is not sufficient to state a cause of action under the Antitrust Act is sufficient to state a cause of action under the Consumer Fraud Act." *Laughlin*, 133 Ill. 2d at 390-91.

■ In the case *sub judice*, we concur with the circuit court's description of plaintiff's claims as "classic antitrust allegations dressed in Consumer Fraud Act clothing." Our review of both the original complaint and the proffered amended complaint reveals that they repeatedly charge defendants with agreeing and conspiring to "fix," "maintain," or "stabilize" the price of potash. Such allegations are a classic example of price-fixing first outlawed by Congress over 100 years ago under section 1 of the Sherman Act (*United States v. Masonite Corp.*, 316 U.S. 265, 86 L. Ed. 1461, 62 S. Ct. 1070 (1942)), and by definition are covered by the Antitrust Act which "is patterned on the Sherman Act." *Laughlin*, 133 Ill. 2d at 382. Thus, such allegations, pursuant to *Laughlin*, must be brought under the Antitrust Act and not the Consumer Fraud Act. Therefore, we find plaintiff's complaint failed to state a cause of action under the Consumer Fraud Act. See *Laughlin*, 133 Ill. 2d at 388-91.

In addition, we note that as plaintiff's case, a class action brought on behalf of indirect purchasers, is in actuality an antitrust claim

that can only be brought under the Antitrust Act, it is necessarily precluded by section 7(2) of the Antitrust Act, which provides "that no person other than the Attorney General of this State shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act." 740 ILCS 10/7(2) (West 1994).

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CERDA and GALLAGHER, JJ., concur.