NOTICE

Decision filed 05/09/14. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2014 IL App (5th) 120415

5-12-0415

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| DEANGELO M. COWPER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Saline County. |
| | ) | |
| v. | ) | No. 12-L-4 |
| | ) | |
| RANDY NYBERG, in His Capacity as Saline County | ) | |
| Circuit Clerk, and KEITH BROWN, in His Capacity | ) | |
| as Saline County Sheriff, | ) | Honorable |
| | ) | Todd D. Lambert, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the judgment of the court, with opinion.
Justices Spomer and Stewart concurred in the judgment and opinion.

**OPINION**

¶ 1    Deangelo M. Cowper was convicted of retail theft in 2003, which resulted in a probation violation.   The trial court sentenced Cowper to 27 months of imprisonment for the probation violation.   In 2012, Cowper filed his complaint alleging negligence against the Saline County circuit clerk, Randy Nyberg, and the Saline County sheriff, Keith Brown, for not transmitting to the Illinois Department of Corrections (IDOC) the accurate number of days he had served in jail for which he was to receive credit against the 27-month sentence.   As a result of the incorrect credit against his sentence, Cowper was

1

incarcerated beyond his legal release date. The defendants filed a motion to dismiss Cowper's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)). The trial court granted the motion and dismissed Cowper's complaint. Cowper appeals and argues that section 5-4-1(e)(4) of the Unified Code of Corrections (730 ILCS 5/5-4-1(e)(4) (West 2010)) imposes legal duties upon the defendants to compile and transmit to the IDOC the days of credit against a sentence of imprisonment. He also claims that he has a right to pursue a private cause of action against these defendants for breach of those duties.

¶ 2                                    FACTS

¶ 3     On May 12, 2011, Cowper pled guilty to three counts of a 2003 felony case. The court sentenced him to 27 months' imprisonment with 1 year of mandatory supervised release upon discharge. The judgment-sentence filed on June 1, 2011, included a lengthy summary of the days Cowper spent in custody for which he was to receive credit. The judgment-sentence order gave Cowper 275 days of credit against the 27-month sentence. Cowper was transferred to prison on June 2, 2011. After application of the 275 days of credit, Cowper's sentence was reduced from 27 months to 13 months and 15 days. On June 23, 2011, Cowper filed a motion in the Saline County criminal court to recalculate the time. On November 22, 2011, the State filed its response, stating that after an investigation, the State concluded that the 275 days calculation of credit was wrong. The State's investigation revealed that Cowper was in Saline County custody from January 8, 2008, until February 2, 2008, and from November 29, 2010, until May 11, 2011, and that the State did not give him credit for those days in the original judgment-sentence. The

2

court entered an order directing the State to prepare an amended mittimus to reflect the correct number of days of credit for time served. The State filed its amended judgment-sentence directed to the IDOC on November 22, 2011. Cowper had already been released from the Illinois Department of Corrections on October 16, 2011, after serving the full sentence. The corrected mittimus allowed an additional 191 days' credit for time served–for a total of 466 days of credit. As a result of his release from prison, Cowper received no benefit from the additional 191 days of credit for time served.

¶ 4    On January 20, 2012, Cowper filed suit against the defendants alleging negligence. He claimed that each defendant had a duty to transmit the accurate number of days for which he was entitled to credit. Cowper claims that this duty is derived from section 5-4-1(e)(4) of the Unified Code of Corrections (730 ILCS 5/5-4-1(e)(4) (West 2010)). He alleged that if he had received proper credit for time served, the credit would have been greater than the sentence–that defendants breached their duty by failing to transmit to the IDOC the accurate number of days Cowper had been in custody for which he was entitled credit against his sentence. Because of the error in credit against his sentence, Cowper was incarcerated from June 2, 2011, through October 16, 2011–a period of 137 days. Cowper alleged that as a direct and proximate result of defendants' negligence, he was deprived of his freedom and liberties which resulted in his inability to find and retain employment and an inability to be with and care for his family. Cowper asked the court to award him compensatory damages.

¶ 5    On March 1, 2012, defendants filed a motion seeking to dismiss Cowper's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615

(West 2010)). Defendants claimed that Cowper's complaint was defective on its face and did not allege sufficient facts upon which a negligence cause of action could be sustained. Defendants argued that section 5-4-1(e)(4) of the Unified Code of Corrections did not allow a private cause of action for negligence.

¶ 6 On July 6, 2012, the trial court granted defendants' motion to dismiss. The trial court's stated reasoning frames the issues on appeal, and so we include portions of that order for reference:

"Before the Court is [Defendant]s' Motion to Dismiss. The Court GRANTS said Motion in respect to the [Defendant] Clerk. [Pursuant to the statute], the Clerk is required to send to DOC information he receives from the Sheriff concerning time served. No allegation has been made by [Plaintiff] that the [Defendant] Clerk failed to transmit such information. As transmission of such information is the only duty of the [Defendant] Clerk pursuant to said statute, and no allegation has been made that the [Defendant] Clerk failed to do so, [Plaintiff] has failed to allege a duty on the part of the [Defendant] Clerk, a breach of which would result in a cause of action. As [Defendant]'s Motion pertains to the [Defendant] Sheriff, said Motion is GRANTED as well for the reason that said statute fails to convey a private cause of action. *** [Plaintiff] could have appealed from his sentence and/or filed a post-conviction petition to correct any wrong calculation of his good time credit. Therefore this action is not necessary to correct that wrong. Additionally, the statute is a criminal sentencing statute. [Plaintiff] is not part of the class of persons for whose benefit the statute was designed. None of the other

4

requirements are satisfied as well.  [Plaintiff]'s Complaint is therefore dismissed."

¶ 7    Cowper appeals this order.

¶ 8                          LAW AND ANALYSIS

¶ 9    When the trial court is presented with a motion to dismiss a case for failure to state a cause of action pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)), the court must determine whether the complaint sets forth sufficient facts that, if established, could entitle the plaintiff to relief.  *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86, 672 N.E.2d 1207, 1214 (1996).  The trial court must accept all well-pleaded facts in the complaint as true and draw reasonable inferences from those facts that are favorable to the plaintiff.  *Bryson*, 174 Ill. 2d at 86, 672 N.E.2d at 1213. Because the trial court is not being called upon to judge any witness's credibility or weigh facts, on appeal we review the matter *de novo*.  *Jackson v. Michael Reese Hospital & Medical Center*, 294 Ill. App. 3d 1, 9, 689 N.E.2d 205, 211 (1997).

¶ 10   We begin the legal analysis in this case by determining whether an inmate can pursue a private cause of action pursuant to section 5-4-1(e)(4) of the Unified Code of Corrections (Code) (730 ILCS 5/5-4-1(e)(4) (West 2010)).  We note that Cowper has not cited, nor have we found, any reported case addressing whether an inmate can file a civil cause of action pursuant to section 5-4-1(e)(4) of the Code for errors in calculating credits.

¶ 11   In analyzing Cowper's claim that section 5-4-1(e)(4) of the Code allows a private cause of action, we review the statute itself to determine whether an express cause of action is allowed.  *Moore v. Lumpkin*, 258 Ill. App. 3d 980, 989, 630 N.E.2d 982, 989 (1994); *Jordan v. O'Fallon Township High School District No. 203 Board of Education*, 302 Ill.

5

App. 3d 1070, 1079, 706 N.E.2d 137, 143 (1999). If the court can determine the legislature's intent from the plain language of the statute, then the court should not resort to other interpretative aids. *Jordan*, 302 Ill. App. 3d at 1079, 706 N.E.2d at 143 (citing *People v. Fitzpatrick*, 158 Ill. 2d 360, 364-65, 633 N.E.2d 685, 687 (1994)).

¶ 12 Section 5-4-1(e)(4) of the Unified Code of Corrections provides:

"(e) The clerk of the court shall transmit to the department, agency or institution, if any, to which the defendant is committed, the following:

\* \* \*

(4) the number of days, if any, which the defendant has been in custody and for which he is entitled to credit against the sentence, which information shall be provided to the clerk by the sheriff[.]" 730 ILCS 5/5-4-1(e)(4) (West 2010).

¶ 13 Section 5-4-1(e)(4) sets forth the actions the clerk of the court and the county sheriff must take in compiling and transmitting information regarding a defendant's credits against sentence. The use of the word "shall" generally indicates that the legislative intent is mandatory. *People v. Woodard*, 175 Ill. 2d 435, 445, 677 N.E.2d 935, 940 (1997). However, the language of the statute does not set forth any inmate rights in the event of an error in credit calculation. Thus, we find that the Code fails to provide an inmate with an express right to pursue a cause of action for an improper calculation of credits against sentence.

¶ 14 The fact that the wording of the statute does not expressly allow a private cause of action for violations is not necessarily dispositive of whether the court will allow one.

6

*Sawyer Realty Group, Inc. v. Jarvis Corp.*, 89 Ill. 2d 379, 386, 432 N.E.2d 849, 852 (1982). The court can imply a private cause of action where it is consistent with the underlying purpose of the statute and necessary to achieve the aim of the legislature. *Id.* The public policy underlying the statutory enactments may implicate a private right of action for certain individuals when they belong to a class of persons that the Code was designed to protect. *Id.* at 386-87, 432 N.E.2d at 852.

¶ 15   In order for Cowper to bring his claim under the statute, he must establish that he meets the criteria for an implied cause of action. Case law has established four factors which must be met to imply a private cause of action:

"(1) a plaintiff is a member of the class for whose benefit a piece of legislation was enacted; (2) it is consistent with the underlying purpose of the legislation; (3) a plaintiff's injury is one the legislation was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the legislation." *Noyola v. Board of Education of the City of Chicago*, 284 Ill. App. 3d 128, 131-32, 671 N.E.2d 802, 805 (1996), *aff'd*, 179 Ill. 2d 121, 688 N.E.2d 81 (1997).

*Corgan v. Muehling*, 143 Ill. 2d 296, 312-13, 574 N.E.2d 602, 609 (1991); *Sawyer Realty Group, Inc.*, 89 Ill. 2d at 388-89, 432 N.E.2d at 853; *Rodgers v. St. Mary's Hospital of Decatur*, 149 Ill. 2d 302, 308, 597 N.E.2d 616, 619 (1992).

¶ 16   In considering Cowper's argument for an implied cause of action, we first review the stated purpose of the Unified Code of Corrections.

"§ 1-1-2.   Purposes.   The purposes of this Code of Corrections are to:

(a) prescribe sanctions proportionate to the seriousness of the offenses and

7

permit the recognition of differences in rehabilitation possibilities among individual offenders;

(b) forbid and prevent the commission of offenses;

(c) prevent arbitrary or oppressive treatment of persons adjudicated offenders or delinquents; and

(d) restore offenders to useful citizenship."   730 ILCS 5/1-1-2 (West 2010).

¶ 17   We now turn to the analysis of the four factors necessary to imply a statutory private cause of action.

¶ 18   First, we determine whether Cowper belongs to one of the classes of people for whose benefit the statute was enacted.   Cowper alleges that he was wrongly detained in an IDOC facility for 137 days.   A plain reading of the Unified Code of Corrections purposes section makes it clear that an adjudicated offender who claims to be wrongly deprived of his liberty places Cowper in one of the classes of people for whose benefit the statute was enacted, *i.e.*, "(c) prevent arbitrary or oppressive treatment of persons adjudicated offenders or delinquents; and (d) restore offenders to useful citizenship" (730 ILCS 5/1-1-2(c), (d) (West 2010)).

¶ 19   Second, we determine whether a private cause of action is consistent with the purpose of the legislation.   The defendants argue that the underlying purpose of the Code is for the protection of the public and not for inmates' rights.   Consequently, defendants argue that allowing an inmate to bring a private cause of action would be inconsistent with this purpose.   We disagree with this statutory interpretation.   The plain language of the statute and the case law set forth dual purposes directed toward both the public and the

8

adjudicated offenders. The purposes of the Code are "designed to protect society from future criminal conduct by past offenders (730 ILCS 5/1-1-2(b) (West 1994)), prevent arbitrary or oppressive deprivations of the liberties of offenders (730 ILCS 5/1-1-2(c) (West 1994)), and restore offenders to useful citizenship (730 ILCS 5/1-1-2(d) (West 1994))." *Turner v. Campagna*, 281 Ill. App. 3d 1090, 1094, 667 N.E.2d 683, 685 (1996). "The general purpose of the Code of Corrections is to rehabilitate the offender, if possible, and to restore him to useful citizenship." *People v. Mahle*, 57 Ill. 2d 279, 285, 312 N.E.2d 267, 271 (1974).

¶ 20 Defendants cite to *McNeil v. Carter* in support of their argument that a private cause of action is inconsistent with the purpose of the Code. *McNeil v. Carter*, 318 Ill. App. 3d 939, 943, 742 N.E.2d 1277, 1281 (2001). The *McNeil* court held that the Code did not imply a private cause of action for an inmate who allegedly received inadequate medical attention. *Id*. In so holding, the court noted that "the primary purpose and function of the Code is to protect the public." *Id.* To the extent that *McNeil* finds this purpose to be overarching, excluding the dual purpose directed toward the treatment and rehabilitation of inmates, we reject the court's reasoning. However, we find *McNeil* inapposite. In applying the holding in *McNeil*, defendants conflate the type of liberty interests in *McNeil*–those more related to the ordinary day-to-day incidents of prison life, with the type of liberty interests in the instant case–freedom from restraint. The courts must necessarily balance prison management concerns with the prisoners' liberty in determining the amount of process due. *Sandin v. Conner*, 515 U.S. 472, 478 (1995). Furthermore, we believe that the crux of the *McNeil* decision revolves around factor four–whether a private cause of

9

action is necessary to provide an adequate remedy, which we will discuss in turn under the fourth factor analysis.

¶ 21    Third, we determine whether the Cowper's injury is one the legislation was designed to prevent.   Cowper suffered a 137-day incarceration beyond his legal release date.   The prevention of this type of injury is consistent with the stated statutory goals of preventing arbitrary and oppressive treatment and returning offenders to useful citizenship. Furthermore, section 5-4-1(e)(4) of the Code states, "The clerk of the court *shall transmit* to the department, agency or institution, if any, to which the defendant is committed, the following: *** (4) the number of days, if any, which the defendant has been in custody and for which he is entitled to credit against the sentence, which information *shall be provided* to the clerk by the sheriff."   (Emphasis added.)   730 ILCS 5/5-4-1(e)(4) (West 2010). "Generally, the use of the word 'shall' in a statute is regarded as indicating a mandatory rather than a directory intent."   *Woodard*, 175 Ill. 2d at 445, 677 N.E.2d at 940.   The statutory designation of persons responsible for the mandatory assembling of and transmission of the credit against sentence data is additional evidence of the statutory intent to prevent a prisoner's wrongful confinement.

¶ 22    Fourth, we determine whether a private cause of action is necessary to provide an adequate remedy for violations of the statute.   Citing *McNeil v. Carter*, defendants argue that a private cause of action is not necessary because section 3-8-8 of the Code (730 ILCS 5/3-8-8 (West 2010)) allows for a grievance procedure before the administrative review board where relief may be obtained.   *McNeil v. Carter*, 318 Ill. App. 3d 939, 742 N.E.2d 1277 (2001).   The facts in *McNeil* warrant further review since *McNeil* involved grievance

10

issues that were internal to the IDOC, unlike the case before us. In *McNeil*, plaintiff, an inmate, filed suit against several IDOC employees. *Id.* at 940, 742 N.E.2d at 1279. Count I alleged that the defendants did not adequately test and segregate inmates with infectious diseases, forcing healthy inmates to share cells with infectious inmates. *Id.* at 941, 742 N.E.2d at 1279. Count I further alleged that plaintiff was incorrectly placed on a special medical diet and not properly monitored. *Id.* Plaintiff claimed that these acts violated several sections of the Code. *Id.* In applying the fourth factor to count I, the court found that a private cause of action under the Code was unnecessary to provide an adequate remedy because (1) the inmate could bring a claim of misconduct before the administrative review board, or (2) the inmate could file a federal cause of action under the eighth amendment. *Id.* at 943, 742 N.E.2d at 1281.

¶ 23 Defendants' reliance on *McNeil* is misplaced, as the absence of other remedies distinguishes this case from *McNeil*. Cowper has no administrative remedy because the IDOC lacks the authority to modify a sentence it receives from the sentencing court. Two Court of Claims cases are instructive. *Evans v. State*, 55 Ill. Ct. Cl. 395 (2002); *Patton v. State*, 47 Ill. Ct. Cl. 174 (1994). The *Evans* case involved an incarceration extended beyond the legal release date. *Evans*, 55 Ill. Ct. Cl. at 395. Evans sued the IDOC on a theory of negligent incarceration claiming that the IDOC knew or should have known that his sentence contained an error in the credit calculation for good time served. *Id.* at 397. The Court of Claims held that the IDOC has no authority to correct a sentencing court's order and consequently is not responsible for sentencing errors. *Id.* at 398. The only relief was to be found in the sentencing court. *Id.* In so holding the court stated: "The

11

error in the original *mittimus* in this case was made by the circuit court, possibly due to an error or omission by the circuit court clerk's office or the sheriff's office. Whatever its source, the error was fixed in the circuit court sentencing order, which IDOC was duty bound to enforce, and could not unilaterally correct." *Id.* The *Evans* court went on to state, "The statutes place the duty of transmitting convicts [*sic*] sentencing data to IDOC on the county sheriff and the circuit clerk, as this court noted in *Patton, supra* (*see, e.g.*, Unified Code of Corrections, //5-4-1, 3-8-1; 730 ILCS 5/5-4-1, 5/3-8-1)." *Id.* In *Patton*, the defendant was sentenced to five years in the IDOC. *Patton*, 47 Ill. Ct. Cl. at 176. The sentencing order provided that the defendant was to be given credit for time served while in jail awaiting trial, but did not quantify the credit or a projected "out date." *Id.* There was no evidence proving the IDOC ever received any jail credit data from either the circuit clerk or the sheriff. *Id.* at 178. Plaintiff sued the state claiming that the IDOC negligently kept him in confinement beyond his legal release date. *Id.* The court held that the State was not responsible for the county's failure to transfer the jail credit data. The *Patton* court stated:

> "The Unified Code of Corrections imposes on the county sheriff and circuit clerk the duties of assembling that data and transmitting it to Respondent. Section 5-4-1(e)(4) requires the sheriff to provide the information to the circuit clerk, who in turn is to then transmit it to Respondent. (730 ILCS 5/5-4-1(e)(4).) Section 3-8-1(a) imposes a separate duty on the sheriff to independently transmit that data to Respondent. (730 ILCS 5/3-8-1(a).) Thus, if all had operated according to the statutory scheme, Respondent would have received the jail credit data here twice,

12

once from the circuit clerk and once again from the sheriff." *Id.* at 179-80.

¶ 24 It is clear from the holdings in *Evans* and *Patton* that Cowper could not have obtained any relief by filing a grievance with the administrative review board, as the IDOC has no authority to correct sentencing errors in a court order.

¶ 25 More recently, the United States Court of Appeals for the Seventh Circuit has addressed this issue in *Shaw v. Germain*, 496 F. App'x 646 (7th Cir. 2012). In *Shaw*, an inmate brought a section 1983 suit against IDOC officials alleging an eighth amendment violation based on a sentencing error. *Id.* at 647. The Seventh Circuit held that the IDOC did not have the authority to amend a sentencing order issued by an Illinois court, citing to sections 5-4-1(e) and 3-8-1 of the Code (730 ILCS 5/5-4-1(e), 3-8-1 (West 2008)) and *Evans*, 55 Ill. Ct. Cl. at 397-98. *Shaw*, 496 F. App'x at 649. The court stated, "Shaw should have sought relief from the state court." *Id.*

¶ 26 Defendants also cite to *Abbasi v. Paraskevoulakos* in support of their argument that a private cause of action is not necessary to provide Cowper with an adequate remedy. *Abbasi v. Paraskevoulakos*, 187 Ill. 2d 386, 718 N.E.2d 181 (1999). In *Abbasi*, the plaintiff sought damages for injuries she incurred from ingesting lead-based paint. *Id.* at 388, 718 N.E.2d at 182. The plaintiff pled both common law negligence evidenced by violation of the Lead Poisoning Prevention Act and a private cause of action under the Lead Poisoning Prevention Act. *Id.* at 389, 718 N.E.2d at 183. The Illinois Supreme Court held that it would not imply a private cause of action under the Act because there already existed an adequate remedy under plaintiff's common law negligence theory. *Id.* at 393, 718 N.E.2d at 185. The court stated, "A private cause of action under the Act

13

would be identical to plaintiff's common law negligence action pending in the circuit court." *Id.* The important distinction between *Abbasi* and this case is the type of statute at issue. The fact that the Lead Poisoning Prevention Act was a statute "designed to protect human life" allowed plaintiff to plead the violation of the Act as *prima facie* evidence of negligence. It is settled law that a "violation of a statute or ordinance designed to protect human life or property is *prima facie* evidence of negligence." *Kalata v. Anheuser-Busch Cos.*, 144 Ill. 2d 425, 434, 581 N.E.2d 656, 661 (1991). "Statutes [that are] designed to protect human life or property establish the standard of conduct required of a reasonable person." *Bier v. Leanna Lakeside Property Ass'n*, 305 Ill. App. 3d 45, 58, 711 N.E.2d 773, 783 (1999) (citing *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 130, 688 N.E.2d 81, 84-85 (1997)). We believe that the statute in question here cannot be characterized as a safety statute so as to allow Cowper to plead the statutory violation as a common law negligence theory. Therefore, unlike in *Abbasi*, a finding of an implied cause of action under the Unified Code of Corrections does not duplicate an existing remedy.

¶ 27 Nor does Cowper's suit against the circuit clerk and the sheriff serve as a basis for a constitutional claim. In *Daniels v. Williams*, 474 U.S. 327, 328 (1986), a prisoner brought an action in federal district court under 42 U.S.C. § 1983 against a deputy sheriff for injuries he alleged he sustained when falling on a pillow negligently left on a stairway by the deputy. *Id.* The United States Supreme Court held that the due process clause is not implicated by an official's negligent act causing unintended loss of or injury to life, liberty, or property. *Id.* In so holding the Court went on to state, "That injuries inflicted by

governmental negligence are not addressed by the United States Constitution is not to say that they may not raise significant legal concerns and lead to the creation of protectible legal interests." *Id.* at 333. "Whatever other provisions of state law or general jurisprudence he may rightly invoke, the Fourteenth Amendment to the United States Constitution does not afford him a remedy." *Id.* at 336. Incarcerating a prisoner beyond his legal release date does not implicate the eighth amendment unless it is the product of "deliberate indifference." *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). Here, it is clear that because Cowper's claims against the circuit clerk and the sheriff sound in negligence, he is not afforded a constitutional remedy.

¶ 28 Also relevant to our analysis is the nature of the defendants' alleged negligent conduct with respect to the potential for an immunity defense. In general, public officials cannot be held liable for discretionary acts performed within the scope of their authority. *Mora v. State*, 68 Ill. 2d 223, 233-34, 369 N.E.2d 868, 873 (1977). If an act is ministerial in nature, the official may be subject to liability for the negligent performance of that duty. *Hicks v. Williams*, 104 Ill. App. 3d 172, 177, 432 N.E.2d 1278, 1281 (1982). "Ministerial acts are those that a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act." *Koltes v. St. Charles Park District*, 293 Ill. App. 3d 171, 176, 687 N.E.2d 543, 546 (1997). We believe that the legislative use of the language "shall" in describing the defendants' duties indicates a mandatory intent. *Woodard*, 175 Ill. 2d at 445, 677 N.E.2d at 940. We find the described conduct to be ministerial. *People v. Scott*, 277 Ill. App. 3d 565, 566, 660 N.E.2d 1316, 1316-17 (1996)

15

(granting pretrial-custody credit against a fine pursuant to section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 1994)) is a simple ministerial act).

¶ 29    By dismissing the complaint, the trial court here effectively found that Cowper was not entitled to any relief from being wrongfully incarcerated for 137 days.   Cowper's timely posttrial motion to recalculate his time went unaddressed by the court for almost five months.   By the time the State conceded the mistake and a new mittimus was issued, Cowper realized no benefit, as he had already been released from prison.   At this juncture, compensatory damages are the only relief that will make Cowper whole.   While Cowper's injury may not be a constitutionally protectable liberty interest as pled, we believe that public policy dictates that the wrongful deprivation of one's liberty raises significant legal concerns that must be redressed.

¶ 30    We find that as an incarcerated adjudicated offender, Cowper was a member of one of the classes for whose benefit the statute was enacted; that implication of a private cause of action is consistent with two of the stated purposes of the Code–to prevent arbitrary or oppressive treatment of adjudicated offenders and to restore offenders to useful citizenship; that Cowper's wrongful incarceration is an injury the statute is designed to prevent; and that a civil private cause of action for compensatory damages is necessary to provide an adequate remedy for the breach of the mandated duties of both the sheriff and the clerk.   Under these circumstances, we recognize an implied private right of action for damages.

¶ 31    We conclude that section 5-4-1(e)(4) of the Unified Code of Corrections places the duty of assembling and transmitting the prisoner's sentencing data to the IDOC on the

16

sheriff and the circuit court clerk–the sheriff to assemble the credit against sentence data and transmit that information to the clerk, and the clerk to transmit the information received from the sheriff to the IDOC. At the pleading stage we view the facts and their inferences in a light most favorable to Cowper and find that he has adequately pled duty, breach, proximate cause, and damages sufficient to state a cause of action implied by the statute.

¶ 32                              CONCLUSION

¶ 33    We hold that the trial court erred in granting the dismissal of Cowper's statutory claim. Accordingly, we reverse the judgment and remand the cause for further proceedings consistent with our holding.


¶ 34    Reversed and remanded.

2014 IL App (5th) 120415

NO. 5-12-0415

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| DEANGELO M. COWPER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Saline County. |
| | ) | |
| v. | ) | No. 12-L-4 |
| | ) | |
| RANDY NYBERG, in His Capacity as Saline County | ) | |
| Circuit Clerk, and KEITH BROWN, in His Capacity | ) | |
| as Saline County Sheriff, | ) | Honorable |
| | ) | Todd D. Lambert, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

**Opinion Filed:**     May 9, 2014

_____

**Justices:**     Honorable Melissa A. Chapman, J.

Honorable Stephen L. Spomer, J., and
Honorable Bruce D. Stewart, J.,
Concur

_____

**Attorneys for Appellant**     Andrew T. Flynn, Glenn R. Tetzlaff, Glenn R. Tetzlaff & Associates, 500 North Holland Ave., Marion, IL 62959

_____

**Attorneys for Appellees**     Joseph A. Bleyer, K. Rockne Bleyer, Bleyer and Bleyer, 601 West Jackson Street, P.O. Box 487, Marion, IL 62959-0487

_____