The Governor of the State of Illinois, for use, etc.

*v.*

Levi A. Dodd.

1. Clerk's bond—*liability for neglect to perform duty.* The clerk of the circuit court, and his sureties on his official bond, are liable for any failure on his part to perform an official duty, to any party suffering injury thereby.

2. Where a party recovered judgment, but the clerk, in entering it up, omitted to name any sum for which the recovery was had, so that a levy of an execution on sufficient personal property was defeated, and the plaintiff thereby was prevented from collecting the debt: *Held,* that the clerk and his sureties were liable to the party injured in an action upon his official bond, for his neglect to make a proper entry of the judgment.

3. Clerk—*duty to enter up judgment.* The act of 1859, declaring it to be the duty of clerks of courts of record to enter of record all orders, judgments and decrees of their courts before their final adjournment, or as soon thereafter as practicable, imposes no new duty, but only enlarges the time within which it shall be performed.

Appeal from the Circuit Court of Ford county; the Hon. Thomas F. Tipton, Judge, presiding.

Mr. Calvin H. Frew, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, from the evidence in this case, that Barr, John-son & Co., on the 13th day of September, 1872, recovered a judgment against one David W. Morse, but the clerk, in enter-ing it up, omitted to name any sum for which the recovery was had. The minutes of the judge trying the case show that the amount found in favor of the plaintiffs was $223.02, and the clerk afterwards issued an execution against Morse and in their favor for that amount. The sheriff levied it on a large quan-tity of personal property, amounting in the aggregate to per-haps the value of $1500. This property was taken from the sheriff by writs of replevin, and was recovered on trials had, as we infer, upon the ground that there was no judgment under which the execution could issue, and the plaintiffs having lost their debt, as they claim, by reason of the failure of the clerk to perform his duty in entering up the judgment, brought suit on the clerk's bond against him and his sureties, to recover damages sustained by reason of the *nonfeasance* of the clerk. A trial was had in the court below, by the court and a jury, resulting in a verdict and judgment in favor of defendant. A motion for a new trial was entered, but it was overruled by the court before judgment, and the plaintiffs appeal.

The record, as presented to this court, strongly tends to show, Barr, Johnson & Co. were prevented from collecting their debt solely by reason of the negligence of the clerk to record the judgment pronounced by the court in their favor. Had that been done, it would seem that they could have real-ized their debt.

This, then, fairly presents the question whether the clerk is liable for *nonfeasance*, as well as *misfeasance* or *malfeasance* in office. The statute has prescribed the condition of his bond, and the law provides that it shall be "conditioned for the faithful performance of the duties of his office, and to deliver up the papers," etc., appertaining to his office, when required so to do, etc. Now, he and his sureties, by the terms of their bond, have engaged and bound themselves that he, as clerk,

shall perform the duties of his office. It is not that he shall not wilfully and wrongfully violate those duties, or that he shall not be guilty of *malfeasance* in office. According to the condition of this bond, he and his sureties could only escape liability by his faithful performance of his official duty. Their agreement was, that they should only escape liability by his performing his duties as clerk. This is the plain and unmistakable meaning of the language, and it seems so clear to us that we are at a loss to make it more obvious. By it they agree that they shall be responsible if he fails to perform his official duty, and it is for this purpose that the bond is required. He virtually engages with the people, when he assumes the duties of his office, that he is competent to discharge them, and that he will not be wanting in their faithful performance. If he may omit one duty without liability, why may he not omit all with impunity? We do not have the shadow of a doubt that he and his sureties are liable for any failure to perform an official duty.

The act of the 19th of February, 1859, Sess. Laws, p. 133, provides: "That it shall be the duty of clerks of courts of record in this State, to enter of record all orders, judgments and decrees of their said courts, before the final adjournment of their respective courts, at each term thereof, or as soon thereafter as practicable."

This enactment imposes no new duty, but enlarges the time within which it shall be performed. It was a common law duty of a clerk of a court of record, and he was appointed to the office for the purpose, to enter upon the roll of the proceedings of the court all of its orders, judgments and decrees, with the issuing of process of the court, and the performance of other duties of the office; and the common law practice was, that the proceedings of each day should be so entered as to be read on the next morning, and then signed by the judge. This statute imposed no new duty, but simply declared the common law, which had existed from the earliest period when a record of proceedings of the courts of England was had.

Here was a plain duty, which no one could mistake; and it

appears that it was omitted by the officer who had undertaken for its performance, and his sureties had engaged that he should perform, and he and they must be held liable for any loss or injury that has resulted to Barr, Johnson & Co., by reason of its non-performance.

Numerous authorities might be cited from the courts of other States to show that the law imposes the liability, if they were needed to sustain so plain a proposition. All understand that sheriffs, constables, and other ministerial officers, are held liable for mere *nonfeasance* of duty. Sheriffs and constables are not unfrequently held liable for failing to levy an execution, failing to return it, for permitting property seized on execution to be re-taken by the defendant, and in a number of other cases, where loss is occasioned to the plaintiff by mere non-action, unintentional, and caused by mere negligence or omission to perform a duty. No reason is perceived for making any distinction between such officers and a clerk. The conditions of their bonds, in this respect, are the same, and their liability necessarily should be the same.

The court below, therefore, should have given appellant's instructions, so far as they accord with the views here expressed, and it erred in refusing to grant a new trial.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*