JEFFREY HARMS, Plaintiff-Appellee, v. LISA BIERMAN, Defendant-Appellant.

Third District   No. 3—04—0717

Opinion filed September 28, 2005.

Marshall E. Douglas, State's Attorney, of Rock Island (Patricia Castro and Michael Miller (argued), Assistant State's Attorneys, of counsel), for appellant.

Christopher Zervic, Timothy J. Rathbun, and Lisa Chastain (argued), all of Rathbun, Cservenyak & Kozol, of Joliet, for appellee.

JUSTICE McDADE delivered the opinion of the court:

Defendant, Lisa Bierman, in her official capacity as clerk of the circuit court of Rock Island County, appeals the order of the circuit court of Will County granting judgment in favor of plaintiff, Jeffrey Harms, for negligence and awarding him damages and costs. For the reasons that follow, we reverse.

## BACKGROUND

In September 1997, the circuit court entered a body attachment for Harms in proceedings related to payment of child support.

Nineteen days later, the parties agreed to vacate the body attachment. Although the docket reflects entry of the court's order on that date, the deputy clerk did not recall the body attachment. In January 1999, Bierman was appointed clerk of the circuit court of Rock Island County. (She was then elected in November 2000.) In May 1999, Will County sheriff's police arrested Harms at his home based on the vacated body attachment. Harms was in custody for approximately five hours.

In August 2000 Harms filed a complaint against Bierman, circuit clerk of Rock Island County, and Rock Island County. The complaint alleged false imprisonment and negligence. Rock Island County filed a motion to dismiss. Harms later agreed to dismiss Rock Island County as a party. Bierman responded in her official capacity, thereby tacitly acknowledging that the suit was asserted against the office of the circuit clerk. The Rock Island County State's Attorney, on her behalf, filed a motion for summary judgment as to both counts against her. The court granted Bierman's motion as to the count alleging false imprisonment but held that a genuine issue of fact remained as to the negligence count. In January 2003 the parties participated in a mandatory arbitration hearing. The arbitration resulted in an award of $2,500 for Harms. Harms rejected the arbitration award and the case proceeded to trial.

The court granted the parties leave to submit briefs regarding (1) the duty on the part of a circuit clerk to notify the sheriff's office about a vacation of a body attachment, (2) who is responsible for recalling an attachment, and (3) what policy governs forwarding documents. In August 2004 the court held that Bierman had a duty to make certain that where a body attachment has been issued by the court and is subsequently quashed or vacated, the fact of the quashing and/or vacating is properly conveyed to the sheriff's office for removal from the sheriff's records. The court stated that this was logically part of the clerk's duty to record proceedings of the court. See 705 ILCS 105/1 *et seq.* (West 2002).

The court awarded Harms $3,500 in damages, plus costs. This appeal followed.

## ANALYSIS

On appeal, Bierman argues that (1) she cannot be held liable in negligence for an incarceration that was caused by the failure of a deputy clerk to recall a vacated body attachment prior to her term of office, and (2) she does not have a duty to inform the county sheriff that a body attachment was vacated.

## I. Standard of Review

To resolve the question of whether Bierman is a proper party to

the suit we turn to the Civil Practice Law (735 ILCS 5/2—101 *et seq.* (West 2002)). "The construction of a statute is a question of law that is reviewed *de novo." People v. Bonutti,* 212 Ill. 2d 182, 188-89, 817 N.E.2d 489, 493 (2004). As to whether Bierman had a legal duty to recall the vacated body attachment, that question and "the scope or range of protection of such a duty are normally questions of law to be determined by the court on a case-by-case basis." *Ferrell v. Esparza,* 332 Ill. App. 3d 518, 523, 773 N.E.2d 650, 654 (2001).

## II. The Incumbent Circuit Clerk is a Proper Defendant

Bierman argues that Harms failed to allege any facts asserting any personal participation by her as the circuit clerk, or any facts supporting a negligence claim against her, for anything that occurred after she took office. Therefore, Bierman concludes, she is not liable in negligence for Harm's detention.

■ Section 2—1008(d) of the Civil Practice Law reads as follows:

"(d) Trustees; public officers. If any trustee or any public officer ceases to hold the trust or office and that fact is suggested of record, the action shall proceed in favor of or against his or her successor." 735 ILCS 5/2—1008(d) (West 2002).

Numerous cases have substituted the new public officer as defendant when the plaintiff instituted suit before the change in leadership occurred. See *Arvia v. Madigan,* 209 Ill. 2d 520, 809 N.E.2d 88 (2004); *Brown's Furniture, Inc. v. Wagner,* 171 Ill. 2d 410, 665 N.E.2d 795 (1996).

■ Although we believe a valid analogy to our situation may be drawn from these cases, none have directly addressed the issue of whether a party may file his original complaint against a current public official for the allegedly negligent acts of her predecessor. That question is answered by section 2—405 of the Civil Practice Law (735 ILCS 5/2—405 (West 2002)), which reads, in pertinent part, as follows:

"Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, *or whom it is necessary to make a party for the complete determination or settlement of any question involved therein,* or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined." (Emphasis added.) 735 ILCS 5/2—405(a) (West 2002).

We find support for our application of section 2—405 in this context from the court's reasoning in *Hynes v. Snyder,* 355 Ill. App. 3d 394, 823 N.E.2d 231 (2005), which is factually different but which states what we believe to be the applicable principle.

In *Hynes*, the plaintiff filed a complaint against the then director of the Department of Corrections (DOC) seeking, among other things, to compel the director to provide him with certain information. Specifically, the plaintiff wanted a factual basis for the refusal of his request for the restoration of "good conduct" credits. *Hynes*, 355 Ill. App. 3d at 396, 823 N.E.2d at 234. At some point the director of DOC was replaced. The court substituted the new director as the defendant pursuant to section 2—1008(d) of the Civil Practice Law (735 ILCS 5/2—1008(d) (West 2002)). *Hynes*, 355 Ill. App. 3d at 396, 823 N.E.2d at 234. The new director argued that because his predecessor was the one who declined to restore the plaintiff's good-conduct credits, he could not provide a factual basis for that decision. Therefore, he concluded, even if the law compels him to provide such information, he should not be required to follow it. *Hynes*, 355 Ill. App. 3d at 400, 823 N.E.2d at 236.

The *Hynes* court rejected the new director's argument, stating as follows:

> "[W]e do not believe that such happenstance as the changing of directors should determine to what extent [the plaintiff's] legal rights will be enforced. If [the plaintiff] has a right to receive information from the director of the DOC, and the director of the DOC fails to give [the plaintiff] that information, then *mandamus* may issue to compel the director of the DOC—whoever that is—to provide that information. This result does not change merely because the director of the DOC who initially failed to comply with the law and the current director of the DOC are not the same person." *Hynes*, 355 Ill. App. 3d at 400-01, 823 N.E.2d at 237.

In the present case, Harms's complaint alleged that the clerk of the circuit court of Rock Island county was negligent. If the clerk of the court was negligent, and that negligence was the proximate cause of Harm's damages, then the clerk of the court is liable. Therefore, the *clerk of the court* is a person "who *** is necessary *** for the complete determination or settlement of [a] question involved" in this controversy. See 735 ILCS 5/2—405(a) (West 2002). This conclusion does not change because the clerk of the court who (allegedly) negligently failed to cause the sheriff to remove Harms's warrant from its system and the current clerk of the court are not the same person. Were this not the case, Harms's legal rights would be negated by the happenstance of the changing of the clerk of the court. The trial court correctly found that Bierman as the current incumbent of the office was the proper party.

### III. The Circuit Clerk Has No Duty to Serve a Vacation Order to the Sheriff

Having found Bierman properly before it, the trial court

determined that the duty to make certain that the fact of the vacating of a body attachment is properly conveyed to the sheriff's office for removal from its records is logically part of the clerk's duty to record proceedings of the court pursuant to section 13 of the Clerks of Courts Act (Act) (705 ILCS 105/13 (West 2002)). Section 13 of the Act reads, in its entirety, as follows:

"The clerks shall attend the sessions of their respective courts, preserve all the files and papers thereof, make, keep and preserve complete records of all the proceedings and determinations thereof, except in cases otherwise provided by law, and do and perform all other duties pertaining to their offices, *as may be required by law or the rules and orders of their courts respectively*. Notwithstanding any other law, the right to access and disseminate any court record as defined in this Act may not be subject to an exclusive contract with another person or entity. This Section is subject to the provisions of 'The Local Records Act', approved August 18, 1961, as amended." (Emphasis added.) 705 ILCS 105/13 (West 2002).

Bierman argues nothing in the Act requires her to physically recall body attachments and that her only duty is to enter the order vacating the body attachment into the clerk's docket or books. Harms argues that the clerk had a duty to him because, as a litigant before the court, he is the type of individual that adequate record keeping is intended to protect. Harms states that adequate record keeping is essential for proper enforcement of court orders and that because of the failure to keep a record of the order vacating the body attachment, the court's order was not properly enforced.

The order quashing the body attachment was entered into the court docket on September 26, 1997. The Act does not require the clerk to recall body attachments. Logically, the clerk should pass that information on to the sheriff. However, the clerk's position is ministerial, and unless a statute or local rule requires disseminating information concerning quashed body attachments to the sheriff, keeping the record is enough to satisfy the clerk's duty. The circuit court can require the clerk to disseminate information by local rule or by order of an individual judge. Harms has not cited, nor can we find, any statute or rule imposing a duty on the clerk to disseminate information to the sheriff under these circumstances. In the absence of those, the clerk has no duty. For an example of the imposition of such a duty, see 705 ILCS 105/14 (West 2002) ("Immediately after a judgment of dissolution of marriage or declaration of invalidity of marriage is granted in this State, the clerk of the court which granted the judgment of dissolution of marriage or declaration of invalidity of marriage shall complete and sign the form furnished by the Department of

Public Health, and forward such form to the Department of Public Health within 45 days after the close of the month in which the judgment is rendered").

It is clear that any injury Harms suffered was not due to a deficiency in court records, but in the absence of updating of the sheriff's records. The judgment of the trial court, finding a duty upon the clerk to make certain that where a body attachment is vacated that information is transmitted to the sheriff's office, is reversed. Although clearly such a duty *can be* imposed, we have found no evidence that it *has been*.

Bierman has also argued the court's award of $3,500 in damages, plus costs, was excessive. Because we hold the trial court erred in finding an existing duty upon the clerk of the court to ensure that vacated body attachments are removed from the sheriff's records, we need not address this issue.

The judgment of the circuit court of Will County is reversed.

Reversed.

HOLDRIDGE and O'BRIEN, JJ., concur.