# Illinois Official Reports

## Supreme Court

---

### *Cowper v. Nyberg*, 2015 IL 117811

---

| | |
|---|---|
| Caption in Supreme Court: | DeANGELO M. COWPER, Appellee, v. RANDY NYBERG *et al.*, Appellants. |
| Docket No. | 117811 |
| Filed | March 19, 2015 |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of Saline County, the Hon. Todd D. Lambert, Judge, presiding. |
| Judgment | Appellate court judgment affirmed in part and reversed in part. Circuit court judgment affirmed as modified in part and reversed in part. Cause remanded with instructions. |
| Counsel on Appeal | Joseph A. Bleyer and James B. Bleyer, of Bleyer & Bleyer, of Marion, for appellants. <br><br> Andrew T. Flynn, of Tetzlaff, Flynn & Associates, P.C., of Marion, for appellee. |
| Justices | JUSTICE THOMAS delivered the judgment of the court, with opinion. <br> Chief Justice Garman and Justices Freeman, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1    At issue is whether plaintiff stated a cause of action for negligence against the circuit court clerk and the sheriff, when the number of days plaintiff had been in custody and for which he was to receive credit against his sentence were calculated incorrectly, resulting in him being wrongfully incarcerated for over four months.

¶ 2                                    BACKGROUND

¶ 3    Plaintiff, DeAngelo Cowper, was the named defendant in Saline County circuit court case No. 2003-CF-323. On May 12, 2011, plaintiff pleaded guilty and was sentenced to 27 months' imprisonment. The sentencing judgment entered on June 1, 2011, provided that plaintiff was to receive 275 days' credit for time served. Plaintiff was transported to the Department of Corrections on June 2, 2011.

¶ 4    The record is silent on how plaintiff learned that his sentencing credits were calculated incorrectly, but on June 23, 2011, plaintiff filed a "Motion to Recalculate Time Served." On October 16, 2011, plaintiff was released from the Department of Corrections. On November 22, 2011, the State responded to defendant's motion. The State conceded in its response that defendant had not been given credit for time served between January 8, 2008, and February 2, 2008, and between November 29, 2010, and May 11, 2011. The State thus agreed with plaintiff that he should have received credit for those days. On the same day that the State filed its response, the circuit court of Saline County entered an order granting defendant the additional credits and asking the State to prepare an amended mittimus. The court then entered an amended judgment that included all of the good time credits that plaintiff should have received.

¶ 5    On January 20, 2012, plaintiff filed a two-count complaint against Keith Brown, the sheriff of Saline County, and Randy Nyberg, the Saline County circuit clerk. Each count was titled "Negligence," with count I directed against the clerk and count II against the sheriff. The basis of the duty alleged to have been breached by each is found in section 5-4-1(e)(4) of the Unified Code of Corrections (730 ILCS 5/5-4-1(e)(4) (West 2012)), which provides as follows:

> "(e) The clerk of the court shall transmit to the department, agency or institution, if any, to which the defendant is committed, the following:
>
> * * *
>
> (4) the number of days, if any, which the defendant has been in custody and for which he is entitled to credit against the sentence, which information shall be provided to the clerk by the sheriff[.]"

Plaintiff alleged that, because either the sheriff or the clerk transmitted the incorrect number of days he had been in custody, he ended up erroneously incarcerated for 137 days. Plaintiff had sufficient credits that he should not have spent any time in the Department of Corrections. Plaintiff alleged that as a direct and proximate cause of defendants' negligence, plaintiff suffered a loss of freedom, a loss of normal life, a loss of employment, a loss of ability to seek additional employment opportunities, and was unable to care for or to be with his family. Plaintiff asked for damages in excess of $50,000.

¶ 6    Defendants filed a section 2-615 (735 ILCS 5/2-615 (West 2012)) motion to dismiss. Defendants argued that plaintiff had not properly alleged any duty that had been breached by

defendants. Defendants contended that there was no authority that section 5-4-1(e)(4) provides a private cause of action for its violation. Plaintiff filed a memorandum of law in response. Plaintiff argued that section 5-4-1(e)(4) imposed a ministerial duty on defendants, and that he had properly pleaded a breach of this ministerial duty. Plaintiff cited case law establishing that a breach of a ministerial duty prescribed by statute can support a negligence action.

¶ 7 The circuit court of Saline County granted the motion to dismiss. With respect to the clerk, the court found that the complaint did not allege a duty that the clerk had breached. The court noted that the statute merely required the clerk to forward the information he or she receives from the sheriff, and there was no allegation in the complaint that the clerk had failed to do so. With respect to the sheriff, the court found that the statute did not expressly grant a private right of action. The court then applied the four-part test set forth in *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121 (1997), and determined that no private right of action could be implied in the statute, either. In particular, the court found that the statute was a criminal sentencing statute and that plaintiff was not in the class of persons for whose benefit the statute was designed. Moreover, the court found that plaintiff had a remedy through the normal processes for criminal cases. Plaintiff filed a motion to reconsider, in which he argued, *inter alia*, that the cause of action he had pleaded was negligence, and the court failed to consider the case law he had provided establishing that a cause of action exists for the negligent performance of a ministerial duty.

¶ 8 Plaintiff appealed, and the Appellate Court, Fifth District, reversed. 2014 IL App (5th) 120415. As had the trial court, the appellate court focused primarily on whether or not a private right of action is implied in the statute, even though the plaintiff had pleaded common law negligence rather than a statutory cause of action. The court applied the four-part *Noyola* test for implying a private right of action under a statute and concluded that plaintiff had satisfied all four parts. The court first looked at the purposes section of the Unified Code of Corrections (730 ILCS 5/1-1-2(c), (d) (West 2010)), and determined that plaintiff was in the class of persons for whom the statute was enacted. 2014 IL App (5th) 120415, ¶ 18. The court next determined that implying a private cause of action was consistent with the Code's purpose to rehabilitate the offender and restore him to useful citizenship. *Id*. ¶¶ 19, 20. Third, the court held that plaintiff's injury of being held beyond his proper release date is one that the legislation was designed to prevent. The court explained that "prevention of this type of injury is consistent with the stated statutory goals of preventing arbitrary and oppressive treatment and returning offenders to useful citizenship." *Id*. ¶ 21. Finally, the court determined that implying a private cause of action was necessary to provide an adequate remedy for violations of the statute. The court explained that plaintiff had no administrative remedy against the Department of Corrections because the Department was obligated to follow the court's sentencing order. *Id*. ¶¶ 22, 23, 24. The court also held that plaintiff did not have a common law negligence action. The court explained that violation of a statute designed to protect human life or property is *prima facie* evidence of negligence, but found that this statute was not a safety statute. *Id*. ¶ 26. Nor did plaintiff have a constitutional claim, because federal case law establishes that incarcerating a prisoner beyond his legal release date does not implicate the eighth amendment unless it is the product of deliberate indifference. *Id*. ¶ 27. The court did note that plaintiff had successfully moved for a recalculation of his good time credits, but pointed out that the motion had gone unaddressed for several months. Accordingly, the court held that plaintiff could only be made whole through compensatory damages. *Id*. ¶ 29. The

court stated that the trial court had erred in "granting the dismissal of Cowper's statutory claim" (*id.* ¶ 33), even though plaintiff had not pleaded a statutory claim.

¶ 9 We allowed defendants' petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013).

¶ 10 ANALYSIS

¶ 11 Defendants raise two issues on appeal. First, defendants contend that plaintiff failed to allege any breach of a duty by the clerk, as the statute merely requires the clerk to transmit information received by him from the sheriff. Second, defendants contend that the complaint failed to state a cause of action because no private right of action is implied under section 5-4-1(e)(4). We find that the second question is not properly before the court, as plaintiff did not assert a statutory cause of action in his complaint. Rather, we will consider whether plaintiff stated a cause of action for negligence, which is what he pleaded.

¶ 12 This appeal arises from the dismissal of a complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)). A section 2-615 motion to dismiss tests the legal sufficiency of the complaint. On review, the question presented is whether the allegations of the complaint, when taken as true and viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 499 (2009). All facts apparent from the face of the pleadings, including the exhibits attached thereto, may be considered. *Haddick v. Valor Insurance*, 198 Ill. 2d 409, 414 (2001). A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). The standard of review is *de novo*. *Id.*

¶ 13 Generally, to plead a cause of action for negligence, a plaintiff must plead that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries. *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 116 (1995). A black letter statement of the specific rule that plaintiff relies on in support of his cause of action against the clerk may be found in 15A Am. Jur. 2d *Clerks of Court* § 55:

> "As a public administrative officer or ministerial officer, a court clerk is answerable for any act of negligence or misconduct in office resulting in an injury to the complaining party, or a violation of applicable standards of professional conduct, in the absence of immunity.
>
> To render the clerk of a court and the sureties on the clerk's official bond liable for the clerk's misfeasance, the complaining party must show a duty on the part of the clerk, a breach of the duty, and consequent damage to the complainant, meeting the normal standards of direct and proximate cause."

In *Mallder v. Rasmussen*, 145 Ill. App. 3d 809, 812 (1986), a case involving a suit against a deputy sheriff, the court explained that "liability is not regularly imposed upon public officials for the negligent performance of discretionary acts, whereas *the exercise of ministerial tasks entails a duty of reasonable care to those whose injury as a result of the negligent performance of that duty is foreseeable*." (Emphasis added.)

¶ 14 Plaintiff relies primarily on *Harms v. Bierman*, 361 Ill. App. 3d 250 (2005). In *Harms*, the plaintiff spent five hours in custody after being arrested on a body attachment that had been

vacated. Plaintiff filed a complaint against the circuit clerk, alleging negligence. The trial court ultimately determined that the clerk had a duty to notify the sheriff when a body attachment has been quashed or vacated, that this was logically part of the clerk's statutory duty to record proceedings of court, and therefore the clerk was liable. The court thus awarded the plaintiff $3,500 in damages on his negligence claim against the clerk. *Id*. at 252. The appellate court reversed, on the basis that the clerk did not have a duty to ensure that the vacation of a body attachment is removed from the sheriff's records. *Id*. at 255-56. Because the court could not find any statute or rule specifically imposing such a requirement on the clerk, it held that the clerk, whose position is ministerial, did not have such a duty. *Id*. at 255. As an example of a statute that imposes a duty on the clerk, the court quoted section 14 of the Clerks of Courts Act (705 ILCS 105/14 (West 2002)), which provides:

> " 'Immediately after a judgment of dissolution of marriage or declaration of invalidity of marriage is granted in this State, the clerk of the court which granted the judgment of dissolution of marriage or declaration of invalidity of marriage shall complete and sign the form furnished by the Department of Public Health, and forward such form to the Department of Public Health within 45 days after the close of the month in which the judgment is rendered.' " *Harms*, 361 Ill. App. 3d at 255-56.

The court clarified that there was no doubt that the legislature *could* impose a duty on the clerk to ensure that vacations of body attachments were removed from the sheriff's records, but it could find no evidence that the legislature had done so. *Id*. at 256. Plaintiff argues that section 5-4-1(e)(4) is precisely the type of statute that the *Harms* court said would impose a duty on the clerk, the breach of which could support a negligence action.

¶ 15        This court itself has long recognized that court clerks may be held liable for breaches of ministerial duties. In *Governor v. Dodd*, 81 Ill. 162 (1876), this court held that the clerk could be held liable for nonfeasance—failure to perform an official duty—as well as misfeasance or malfeasance. This court explained that such a rule is necessary because, if the clerk "may omit one duty without liability, why may he not omit all with impunity?" *Id*. at 164. The court explained that sheriffs and other ministerial officers are held liable for nonfeasance of duty, and there is no reason why the rule should be different for court clerks:

> "[S]heriffs, constables, and other ministerial officers, are held liable for mere *nonfeasance* of duty. Sheriffs and constables are not unfrequently held liable for failing to levy an execution, failing to return it, for permitting property seized on execution to be re-taken by the defendant, and in a number of other cases, where loss is occasioned to the plaintiff by mere non-action, unintentional, and caused by mere negligence or omission to perform a duty. No reason is perceived for making any distinction between such officers and a clerk." (Emphasis in original.) *Id*. at 165.

¶ 16        In other cases, this court explained that liability is limited to instances in which the duty alleged to have been breached is ministerial. In *People v. May*, 251 Ill. 54 (1911), this court explained that circuit clerks have immunity for discretionary actions, but not for breaches of ministerial duties. The court explained that a clerk's duty is ministerial when it is "absolute, certain and imperative, involving merely the execution of a specific duty arising from fixed and designated facts." *Id*. at 57. In *People ex rel. Munson v. Bartels*, 138 Ill. 322 (1891), this court said the same thing when discussing the potential liability of the clerk of the probate court:

"But where the duty imposed on an officer is purely ministerial, he will be held liable for an injury to another which results from his failure to perform it, or from his performance of it in a negligent or unskillful manner. Official duty is ministerial when it is absolute, certain and imperative, involving merely the execution of a set task, and when the law which imposes it, prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion. Official action is ministerial when it is the result of performing a certain and specific duty arising from fixed and designated facts." *Id*. at 328-29.

In that case, this court determined that when the probate clerk performed his statutory duty of taking acknowledgments, he is performing a ministerial duty. The statute required that the officer state in a certificate that the person making the acknowledgment was personally known to him as the real person subscribing the instrument. When the clerk made the certification required by the statute but did so falsely, he was breaching a ministerial duty, and his sureties could be held liable. *Id*. at 335-36.

¶ 17     As we explained in *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 193-94 (1997), the discretionary immunity doctrine is now codified in sections 2-109 and 2-201 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2-109, 2-201 (West 2012)). These sections continued a rule that had already been established at common law and which had survived the abolition of sovereign immunity. *Id*. Section 2-109 provides that a local public entity is not liable for an act or omission of one its employees when the employee is not liable, and section 2-201 provides:

"§ 2-201. Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 5/2-201 (West 2012).

In the motion to dismiss, neither defendant asserted any immunities. Both simply argued that the complaint failed to state a cause of action.

¶ 18     We now turn to the complaint that plaintiff filed. As we noted above, the plaintiff filed a complaint sounding in negligence, but the circuit court and the appellate court instead considered whether a private right of action was implied in the statute. Plaintiff was very clear in the circuit court that he was proceeding on a negligence theory, contending that the clerk and the sheriff had breached a ministerial duty and that he suffered damages as a direct and proximate result of that breach. In this court, that is still the primary argument that plaintiff makes, and he relies on the private right of action argument only as a secondary argument. Despite this, defendants did not even attempt to address plaintiff's argument that public officials can be held liable for breaches of ministerial duties.

¶ 19     The appellate court spent the majority of its opinion discussing whether a private right of action was implied in the statute and only briefly touched on the negligence issue. The appellate court held that plaintiff had no cause of action for negligence, relying on *Abbasi v. Paraskevoulakos*, 187 Ill. 2d 386, 394 (1999), where this court stated the rule that in a common law negligence action, "a 'violation of a statute or ordinance designed to protect human life or property is *prima facie* evidence of negligence.' " 2014 IL App (5th) 120415, ¶ 26 (quoting *Kalata v. Anheuser-Busch Cos.*, 144 Ill. 2d 425, 434 (1991)). The appellate court concluded that, because section 5-4-1(e)(4) is not a safety statute, plaintiff could not plead its violation in

a common law negligence action.[1] *Id.* The problem with the appellate court's reasoning here is that whether a certain category of statutory violation amounts to *prima facie* evidence of negligence has nothing to do with—let alone determines—whether another category of statutory violation (in this case the violation of a public official's statutory ministerial duty) may support a cause of action for common law negligence.

¶ 20 The circuit court and the appellate court erred in focusing on whether section 5-4-1(e)(4) implies a private right of action. The four-part *Noyola* test is the analysis that this court uses when the plaintiff alleges a cause of action that originates in a statute, but the statute does not set forth an express right of action. See, *e.g.*, *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 458 (1999) ("[t]he sole count of the complaint purported to allege an implied private right of action for damages pursuant to section 3-608 of the Nursing Home Care Act"). It has no application when the plaintiff is proceeding on a common law theory. Here, plaintiff was proceeding on a common law negligence theory, under a long-established rule that public officials may be held liable for breaches of ministerial duties. Plaintiff's cause of action did not originate in the statute; the statute merely set forth the particular ministerial duty that was alleged to have been breached. The relevant question before the court is whether plaintiff adequately pleaded a common law negligence claim for the breach of a ministerial duty. The appellate court stated, and we agree, that the duties prescribed by section 5-4-1(e)(4) are ministerial. See 2014 IL App (5th) 120415, ¶ 28. That section merely requires the sheriff to provide to the clerk the number of days that defendant has been in custody, and then the clerk is to forward that information to the place where the defendant is confined. These actions do not require the exercise of discretion. They are simply the execution of set tasks, arising from "fixed and designated facts." See *Munson*, 138 Ill. at 328-29.

¶ 21 Defendants have argued that the complaint did not allege the breach of a duty by the clerk, because the clerk is merely required to forward the information that he or she receives from the sheriff and has no independent duty to verify the accuracy of this information. As plaintiff explained at oral argument, however, this case is still at the pleading stage; no discovery has been had. Therefore, it is not known yet if the sheriff forwarded the wrong number of days to the clerk and the clerk merely passed them along, or if the sheriff forwarded the correct number of days to the clerk and the clerk forwarded the wrong number of days to the Department of Corrections. Plaintiff conceded that, if the clerk did indeed forward the number of days provided by the sheriff, then the clerk has not breached the duty imposed by the statute.

¶ 22 The problem, however, is that this is not what plaintiff pleaded in his complaint. In his count against the clerk, plaintiff pleaded that section 5-4-1(e)(4) imposed a duty on the clerk to transmit to the Department of Corrections the *accurate* number of days that plaintiff had been in custody and that defendant Nyberg breached that duty when he transmitted an inaccurate number. In his brief, he continues to make that argument and contends that defendants are claiming that the only duty imposed on the clerk is to transmit "any arbitrary number of days." But that is not at all what defendants contend. Rather, defendants correctly argue that the duty imposed on the clerk under section 5-4-1(e)(4) is to transmit the number of days that the clerk receives from the sheriff. In plaintiff's complaint, he did not allege that the clerk breached his

---

[1]The court reached this conclusion despite the fact that, a mere two paragraphs later, it cited the rule that a public official may be held liable for the negligent performance of a ministerial duty and that section 5-4-1(e)(4) prescribes ministerial duties. 2014 IL App (5th) 120415, ¶ 28.

duty to forward *the number of days that he received from the sheriff*. He pleaded that the clerk breached his duty to transmit *the accurate number of days defendant has been in custody*, but that is not the duty imposed by the statute. Just as in *Harms*, there was no duty on the clerk's part to ensure that body attachments were removed from the sheriff's records once they had been vacated, here there is no duty on the part of the clerk to verify the accuracy of the information received from the sheriff. Accordingly, the count against the clerk was properly dismissed. However, we believe that the dismissal should be without prejudice. A complaint should be dismissed with prejudice under section 2-615 only if it is clearly apparent that no set of facts can be proven that will entitle the plaintiff to recover. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 488 (1994). In this case, and as plaintiff's remarks at oral argument clearly demonstrate, a set of facts can easily be pleaded against the clerk that, if proven, would entitle plaintiff to recover. Indeed, only a minor adjustment to the claim already filed, along the lines described above, is required. Accordingly, pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), we modify the trial court's judgment to make the dismissal of count I without prejudice.

¶ 23 As for the sheriff, plaintiff pleaded that section 5-4-1(e)(4) imposed a duty upon the sheriff to transmit the accurate number of days that plaintiff had been in custody, and that a negligent breach of that duty directly and proximately caused him to be wrongfully confined in the Department of Corrections for over four months. We believe that this states a cause of action under Illinois law, for all of the reasons set forth above. Accordingly, we agree with the appellate court that the trial court erred in granting defendants' section 2-615 motion to dismiss as to the sheriff. We therefore affirm the judgment of the appellate court in part and reverse in part, and we remand the matter to the circuit court for further proceedings consistent with this disposition.

¶ 24 Appellate court judgment affirmed in part and reversed in part.

¶ 25 Circuit court judgment affirmed as modified in part and reversed in part.

¶ 26 Cause remanded with instructions.