NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230554-U

NO. 4-23-0554

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 30, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| WINFRED OLIVER, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| COREY CALL, A. TORREZ, C. STEPHENSON, | ) | No. 22MR480 |
| and A. DIETZ, | ) | |
|     Defendants-Appellees. | ) | Honorable |
| | ) | Jennifer M. Ascher, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in dismissing plaintiff's complaint for a common law writ of *certiorari* because he failed to state a claim his procedural due process rights were violated in the prison disciplinary proceedings that resulted in the loss of his job assignment and the opportunity to earn good-conduct credits.

¶ 2    Plaintiff, Winfred Oliver, an inmate in the custody of the Illinois Department of Corrections (DOC), filed a *pro se* complaint for a common law writ of *certiorari* against defendants, Corey Call, A. Torrez, C. Stephenson, and A. Dietz, all of whom are corrections officers employed by DOC. Plaintiff sought judicial review of the disciplinary proceedings that resulted in the loss of his job assignment and, as a result, the opportunity to earn good-conduct credits. He alleged he had a liberty interest in the opportunity to earn good-conduct credits and that defendants violated his procedural due process rights in the disciplinary proceedings.

Defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)). The trial court granted defendants' motion, and plaintiff appealed.

¶ 3        On appeal, plaintiff argues the trial court erred in dismissing his complaint because he alleged a procedural due process violation sufficient to state a cause of action for a common law writ of *certiorari*. We affirm.

¶ 4                                        I. BACKGROUND

¶ 5        In November 2022, plaintiff filed a complaint for a common law writ of *certiorari*, seeking judicial review of the DOC disciplinary proceedings in which he was found guilty of failing to report to his kitchen job assignment, resulting in the loss of his job assignment and the opportunity to earn good-conduct credits. The following relevant facts are gleaned from the allegations in plaintiff's complaint and the exhibits attached thereto.

¶ 6        On February 20, 2022, plaintiff was "experiencing some bothersome stress at work" and decided he could not report to work the following day. Plaintiff wrote a note for a kitchen supervisor, Stephen Harbarger, informing Harbarger that he would not be at work the next day. Plaintiff gave the note to a co-worker, inmate Margarito Castro, to give to Harbarger. On February 21, 2022, corrections officer Chad Daiker asked plaintiff if he would be reporting to work, and plaintiff informed him that he would not be going to work because he was not feeling well. The next day, plaintiff felt well enough to return to work, but he was informed by a different corrections officer that he had been removed from his kitchen job assignment.

¶ 7        On February 23, 2022, plaintiff received a disciplinary report citing him for "failure to report" to work and stating that defendant Call, a kitchen supervisor, "talked to [Daiker] and [Daiker] stated [plaintiff] refused to report to work." Plaintiff wrote on the

disciplinary report that he wanted to call Harbarger and inmate Castro as witnesses at the disciplinary hearing. He requested Daiker as a witness on a separate form and mailed the form to the Adjustment Committee.

¶ 8 On March 2, 2022, the Adjustment Committee conducted a disciplinary hearing. Plaintiff informed defendant Torrez, the committee chairperson, that he had requested Daiker as a witness. Torrez stated he had not received plaintiff's request, and he denied plaintiff's request for a continuance. Ultimately, the committee found plaintiff guilty of the charge of failing to report to work and, as its form of discipline, recommended, in relevant part, that plaintiff be removed from his kitchen job assignment. Plaintiff filed two separate grievances, both of which were denied by the grievance officer, defendant Dietz. Plaintiff then administratively appealed the denial of his grievances, and the Administrative Review Board affirmed the grievance officer's decisions.

¶ 9 Plaintiff thereafter filed the instant complaint for a common law writ of *certiorari*. He alleged that the discipline imposed—*i.e.*, removal from his kitchen job assignment—deprived him of the opportunity to earn good-conduct credits and therefore implicated "a constitutionally protected liberty interest in [his] eligibility to earn good-time credits." Plaintiff argued that defendants, in a variety of ways, violated his procedural due process rights during the disciplinary proceedings.

¶ 10 On February 14, 2023, defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code (*id.*). Following a hearing, the trial court granted defendants' motion.

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13         On appeal, plaintiff argues the trial court erred in dismissing his complaint for a common law writ of *certiorari* because he sufficiently alleged that defendants violated his procedural due process rights in the underlying prison disciplinary proceedings that resulted in him being removed from his kitchen job assignment and deprived him of "the ability to earn" good-conduct credits. Plaintiff asserts that he had a protected liberty interest in the opportunity to earn good-conduct credits.

¶ 14         Initially, we note defendants acknowledge that their motion to dismiss should have been filed under section 2-615 of the Code, as opposed to section 2-619, because it attacked the legal sufficiency of plaintiff's complaint. See *id*. §§ 2-615, 2-619. Nonetheless, defendants maintain this improper labeling does not require reversal, as plaintiff never objected in the trial court, nor did he suffer any prejudice from the improper labeling. See *Perkinson v. Courson*, 2018 IL App (4th) 170364, ¶ 38 ("[A] defendant's error in labeling a motion to dismiss is not fatal where the nonmoving party has suffered no prejudice."); *Andrews v. Marriott International, Inc.*, 2016 IL App (1st) 122731, ¶ 17 (same). Because, for the reasons discussed below, we find it is clearly apparent plaintiff can prove no set of facts that would entitle him to relief, we agree plaintiff suffered no prejudice due to the improper labeling and will treat defendants' motion as if it were filed pursuant to section 2-615 of the Code. See, *e.g.*, *Cowper v. Nyberg*, 2015 IL 117811, ¶ 12 ("A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery."). Therefore, we will review *de novo* the question of "whether the allegations of the complaint, taken as true and viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Fillmore v. Taylor*, 2019 IL 122626, ¶ 35.

¶ 15    "A common-law writ of *certiorari* is the general method for obtaining circuit court review of administrative actions when the act conferring power on the agency does not expressly adopt the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2014)) and the act provides for no other form of review." *Id.* ¶ 67. "The purpose of the writ was, and is, to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether that body proceeded according to the applicable law." *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 427 (1990). "If the circuit court, on the return of the writ, finds from the record that the inferior tribunal proceeded according to law, the writ is quashed; however, if the proceedings are not in compliance with the law, the judgment and proceedings shown by the return will be quashed." *Id.* "[P]roperly pled allegations of a denial of due process in prison disciplinary proceedings are reviewable in an action for *certiorari*." *Fillmore*, 2019 IL 122626, ¶ 67.

¶ 16    "Procedural due process protections are triggered only when a constitutionally protected liberty *** interest is at stake, to which a person has a legitimate claim of entitlement." *Hill v. Walker*, 241 Ill. 2d 479, 485 (2011). "[I]n the context of prison disciplinary proceedings, a prisoner is entitled to due process protections *** only when the penalty faced by the prisoner implicates a liberty interest because it affects the nature or duration of his confinement." *Fillmore*, 2019 IL 122626, ¶ 48. Prisoners have a liberty interest—created by state statute and protected by the due process clause—in a shortened sentence that results from application of good-conduct credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Thus, a prisoner is entitled to procedural due process protections during disciplinary proceedings when the discipline imposed results in the revocation of good-conduct credits. *Fillmore*, 2019 IL 122626, ¶ 48 (citing

*Sandin v. Conner*, 515 U.S. 472, 486-87 (1995)). The prisoner who faces revocation of good-conduct credits

> "must receive (1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action." *Id.* ¶ 57 (citing *Wolff*, 418 U.S. at 563-67).

However, if the discipline imposed does not implicate a prisoner's liberty interest, no process is due in the disciplinary proceedings. *Hill*, 241 Ill. 2d at 485.

¶ 17 Here, we agree with defendants that it is apparent from the allegations in plaintiff's complaint that he can prove no set of facts that would entitle him to a common law writ of *certiorari*. In his complaint, plaintiff alleged that his procedural due process rights were violated in the disciplinary proceedings that "resulted in [him] losing [his] paid prison job and consequently [his] eligibility to earn good-time credits." Plaintiff asserts he has a liberty interest in the opportunity to earn good-conduct credits and he was therefore entitled to procedural due process protections throughout the disciplinary proceedings. We disagree.

¶ 18 While it is true prisoners have a liberty interest in *earned* good-conduct credits (*Wolff*, 418 U.S. at 557), the same cannot be said for the *opportunity* to earn good-conduct credits. See, *e.g.*, *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) ("[D]enying the opportunity to earn [good-conduct] credits d[oes] not 'inevitably affect the duration of the sentence,' and d[oes] not infringe on a protected liberty interest."). Because the discipline imposed in this case only deprived plaintiff of the opportunity to earn good-conduct credits, he failed to allege that any protected liberty interest was implicated in the underlying disciplinary

proceedings. Where no liberty interest has been implicated, a prisoner is not entitled to the procedural due process protections outlined in *Wolff*. See *Hill*, 241 Ill. 2d at 485. Plaintiff was not entitled to any procedural due process protections in the underlying disciplinary proceedings, and it is therefore clearly apparent that he can prove no set of facts that his procedural due process rights were violated by defendants. Accordingly, we find the trial court did not err in dismissing his complaint for a common law writ of *certiorari*.

¶ 19                                    III. CONCLUSION

¶ 20          For the reasons stated, we affirm the trial court's judgment.

¶ 21          Affirmed.