2024 IL App (1st) 221299-U

No. 1-22-1299

Order filed September 13, 2024

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ALLAN AUSTIN, | ) | Appeal from the |
| | ) | Circuit Court of |
|     Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CH 6973 |
| | ) | |
| ROB JEFFREYS, DEANNA BROOKHART, | ) | Honorable |
| DARREN WILLIAMS, GALEN DELLINGER, | ) | Celia L. Gamrath, |
| and ILLINOIS DEPARTMENT OF | ) | Judge, presiding. |
| CORRECTIONS, | ) | |
| | ) | |
|     Defendants-Appellees. | ) | |
| | ) | |

JUSTICE MITCHELL delivered the judgment of the court.
Justice Johnson and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1     *Held*: Dismissal of plaintiff's complaint for writ of *certiorari* is affirmed where he did not sufficiently allege violations of his due process rights in prison disciplinary proceedings.

¶ 2     Plaintiff Allan Austin, an inmate at Menard Correctional Center, filed a complaint for writ of *certiorari* and mandamus against defendants Illinois Department of Corrections and its employees Rob Jeffreys, Deanna Brookhart, Darren Williams, and Galen Dellinger based on events that occurred at Lawrence Correctional Center. Plaintiff appeals the dismissal of his

complaint under section 2-615 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-615 (West 2018). The issue presented is whether plaintiff sufficiently alleged multiple violations of his due process rights in prison disciplinary proceedings. We find that he did not, and we affirm.

¶ 3                                  I. BACKGROUND

¶ 4     In March 2019, DOC medical records clerk Amber Jared filed an offender disciplinary report charging plaintiff with sexual misconduct. In the report, Jared alleged that during a medical chart review with plaintiff, she observed that plaintiff's zipper was down, exposing his erect penis and testicles. The prison's Adjustment Committee held a hearing, found plaintiff guilty of the charged offense, and revoked six months of plaintiff's good time credit.

¶ 5     After exhausting DOC's grievance procedures, which resulted in a reduction of the amount of good time credit revoked to three months, plaintiff filed a complaint for common-law writ of *certiorari* and *mandamus* in the circuit court. He alleged violations of his right to due process and the Illinois Administrative Code regulations related to prison disciplinary procedures. 20 Ill. Admin. Code 504.80. Defendants moved to dismiss the complaint under section 2-619.1 of the Code of Civil Procedure. 735 ILCS 5/2-619.1 (West 2018).

¶ 6     In accordance with *Fillmore v. Taylor*, 2019 IL 122626, ¶ 49, the circuit court held that alleged violations of regulations were not an appropriate basis for *mandamus* or *certiorari* relief. The court therefore dismissed plaintiff's *mandamus* and writ of *certiorari* claims based on violations of the Illinois Administrative Code, a decision plaintiff has not appealed.

¶ 7     Plaintiff's claim for writ of *certiorari* based on due process, however, survived. Plaintiff alleged multiple violations of due process that bore a striking similarity to those in *Fillmore*, and

"[d]efendants' response to Austin's allegations [was] to say they [were] not true." Because a court must take the nonmovant's well-pled allegations as true on a section 2-615 motion to dismiss (*Cowper v. Nyberg*, 2015 IL 117811, ¶ 12), the circuit court denied the section 2-615 component of defendants' section 2-619.1 motion with respect to plaintiff's due process claim for writ of *certiorari*.

¶ 8     Plaintiff's remaining claim rested on four alleged errors by the Committee: first, that it found him guilty based on insufficient evidence, second, that it denied him the opportunity to present witnesses and evidence in his favor, third, that their final summary report was insufficiently detailed about the evidence the Committee relied on in reaching its decision, and fourth, that a member of the Committee was not impartial where he had previously failed to document plaintiff's objections in a different disciplinary proceeding. Defendants again moved to dismiss the complaint for writ of *certiorari* under section 2-615 of the Code of Civil Procedure. Defendants identified the relevant due process standards and contended that the plaintiff's allegations, taken as true, did not meet them.

¶ 9     The circuit court ultimately concluded that the Committee had relied on sufficient evidence in the form of Jared's report. Further, it held that plaintiff's due process right to witnesses was limited by the Committee's discretion, which it properly exercised. Finally, the court declined to "presume" that the Committee was impartial based on a misstep in a prior proceeding. The court granted defendant's motion and dismissed plaintiff's complaint. This court granted plaintiff leave to file a late notice of appeal. Ill. S. Ct. R. 303(d) (eff. July 1, 2017).

¶ 10                                II. ANALYSIS

¶ 11     Plaintiff argues that a series of actions taken by the Committee in his disciplinary proceeding deprived him of due process and that the circuit court therefore erred in granting defendants' motion to dismiss his petition for common-law writ of *certiorari*. We review a dismissal under section 2-615 *de novo*. *Fillmore*, 2019 IL 122626, ¶ 35.

¶ 12     A common-law writ of *certiorari* allows circuit court review of administrative actions when the act empowering the agency does not expressly adopt the Administrative Review Law nor provide any other form of review. *Id.* ¶ 67. Because the statutes related to prison disciplinary procedures do not adopt the Administrative Review Law or provide another form of review (730 ILCS 5/3-8-7 to 3-8-10) (West 2018)), prisoners may seek review of prison disciplinary action via complaint for a common-law writ of *certiorari*. *Fillmore*, 2019 IL 122626, ¶ 67.

¶ 13     A section 2-615 motion to dismiss "tests the legal sufficiency of the complaint." *Id.* ¶ 35. The reviewing court must determine "whether the allegations of the complaint, taken as true and viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Id.* The court must consider all facts apparent from the face of the pleadings and attached exhibits. *Id.* ¶ 66.

¶ 14     Where a prison disciplinary proceeding "may result in the loss of a prisoner's good conduct credits," due process requires "(1) advance written notice of the disciplinary charges, (2) an opportunity *** to call witnesses and present documentary evidence in his defense, and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action." *Id.* ¶ 57. The decisionmaker must be impartial and must base the decision on "some

evidence" in the record. *Id.* ¶¶ 57, 65. Revocation of a prisoner's good conduct time credits triggers these protections. *Id.* ¶ 57.

¶ 15                              A. Refusal of Witnesses and Evidence Without Explanation

¶ 16    Plaintiff argues that the Committee refused to interview his witnesses or provide him with requested evidence without explanation, violating his due process rights. Defendants contend that there is no absolute right to call witnesses in a prison disciplinary proceeding but do not address the Committee's lack of explanation.

¶ 17    Due process affords prisoners an "an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence" during prison disciplinary proceedings. *Fillmore*, 2019 IL 122626, ¶ 57. However, prison officials retain discretion to deny a prisoner's request for witnesses or evidence to protect penal interests or promote efficiency in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S. Ct. 2963, 2980 (1974) (recognizing that prison officials may refuse to call witnesses for various reasons including irrelevance, lack of necessity, or to protect against risk of reprisal). Upon review of a petition for writ of *certiorari*, utilizing essentially the same standard as under the Administrative Review Law, "courts generally do not interfere with an agency's discretionary authority unless the exercise of that discretion is arbitrary and capricious." *Hanrahan v. Williams*, 174 Ill. 2d 268, 272–73 (1996).

¶ 18    Taking his allegations as true, plaintiff requested two witnesses prior to his disciplinary hearing: Tereasa Boose, a DOC mental health professional who according to plaintiff's witness slip would testify "that a treatment plan was created for [his] mental illness[,]" and Correctional Officer Buckett, who would testify that plaintiff had told him that the zipper on plaintiff's pants

was defective. Plaintiff also asked that the Committee review his inventory property sheet, which he stated would establish that he wore several layers of clothes under his pants, making exposing himself impossible. Neither witness appeared at the hearing or was interviewed, and the Committee does not reference the "inventory property sheet" in its final summary report.

¶ 19     The Committee's decision not to call plaintiff's witnesses or review his inventory property sheet was within its discretion. MHP Boose's proposed testimony that a treatment plan existed for the plaintiff's mental illness was irrelevant, because a fellow MHP, MHP Trotter, had already completed a Mental Health Disciplinary Review analyzing the incident for the Committee and finding that plaintiff's "mental health did not contribute to his behavior[.]" The inventory property sheet was also irrelevant—even if it showed that plaintiff had been issued multiple layers of clothing, that does nothing to establish that the plaintiff wore those layers the day of the incident or that they made it impossible for him to expose himself.

¶ 20     Plaintiff also sought to offer CO Buckett's testimony that plaintiff had complained about his zipper rolling down of its own accord. However, plaintiff already documented his previous complaint to CO Buckett about his zipper in his written statement submitted to the Committee, rendering Buckett's testimony duplicative. Due process permits the Committee discretion to decide whether to call Boose and Buckett or provide the inventory property sheet, and we cannot find that it abused that discretion by refusing to consider testimony and evidence that was plainly unnecessary.

¶ 21     Plaintiff argues that the Committee was required to interview his witnesses but relies on the Illinois Administrative Code and inapposite case law. The Illinois Administrative Code and its rules governing the DOC do not "create judicially enforceable rights for inmates." *Fillmore*, 2019

IL 122626, ¶¶ 38, 49. And the case plaintiff relies upon dealt not with the denial of a single prisoner's witnesses, but with a prison's policy that denied "virtually all requests for live witnesses[.]" *Whitlock v. Johnson*, 153 F.3d 380, 388 (7th Cir. 1998).

¶ 22    Plaintiff also claims the Committee violated his due process rights by not documenting their reasons for not calling his witnesses. Defendants do not respond to this point. In exercising their discretion not to call witnesses or provide requested evidence, prison officials must provide an explanation somewhere in the record for the denial, "either at the plaintiff's disciplinary hearing or in the form of affidavits or other evidence submitted during plaintiff's later court challenge to his disciplinary proceeding." *Fillmore*, 2019 IL 122626, ¶ 64.

¶ 23    Here, though plaintiff alleges that he requested Boose and Buckett as witnesses, the Committee's final summary report inexplicably states that he did not request any witnesses at all, let alone why they were denied, just as occurred in Fillmore. *Fillmore*, 2019 IL 122626, ¶¶ 8, 12 (explaining that though the plaintiff alleged he requested eight witnesses, the adjustment committee's final summary report "stated that no witness was requested"). Plaintiff therefore does seem to sufficiently plead that the Committee violated his due process rights by not providing reasons for denying his witnesses, even if the probable reason—that the witnesses were not necessary—can be inferred.

¶ 24    However, "[a] court will find a due process violation only if there is a showing of prejudice." *Gonzalez v. Pollution Control Bd.*, 2011 IL App (1st) 093021, ¶ 42. Because plaintiff's witnesses and the inventory sheet would have no probative value, plaintiff was not prejudiced by the failure to provide reasons for their denial. Therefore, plaintiff's petition was correctly dismissed with respect to the denial of his requested witnesses and evidence.

¶ 25        B. Sufficiency of the Committee's Evidence and Written Statement

¶ 26    Plaintiff argues that the Committee acted on insufficient evidence and did not identify that evidence in its final summary report. To comport with due process, a prison disciplinary decision need only be based on "some evidence." *Fillmore*, 2019 IL 122626, ¶ 57. "[T]he relevant question is whether there is any evidence in the record that could support the disciplinary board's conclusion." *Id.*

¶ 27    As to the sufficiency of the evidence, the Committee's final summary report indicated that the Committee relied on multiple sources. First, it credited Jared's report, which included a detailed account of the incident. Second, it referred to a Mental Health Disciplinary Review by MHP Trotter that concluded that plaintiff's "mental health did not contribute to the behavior" in Jared's report and that plaintiff had a strong history of "similar behavior and major infractions of this nature" including "one incident as recent as October 2018, in which [plaintiff] blamed his zipper***." Third, the Committee received plaintiff's written statement in which he claimed an issue with his zipper caused it to roll down on its own and explained that the multiple layers of clothing he was wearing during the alleged incident made exposing himself impossible. These sources constitute more than "some evidence," to support the disciplinary board's conclusion. *Fillmore*, 2019 IL 122626, ¶ 57.

¶ 28    Turning next to the sufficiency of the Committee's final summary report itself, due process entitles prisoners to a "written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action." *Id.* "[T]o satisfy minimum due process requirements, a statement of reasons should be sufficient to enable a reviewing body to determine whether good-time credit has been revoked for an impermissible reason or for no reason at all." *Thompson v. Lane*, 194 Ill. App.

3d 855, 864 (1990); *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (explaining that the written statement requirement is "not onerous" and that "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision").

¶ 29    Here, the Committee's written statement referred to each of the foregoing pieces of evidence. The Committee also considered that this was plaintiff's third major disciplinary report in a span of four months. The statement makes clear that the good-time credit was revoked for a permissible reason, namely that the Commission concluded that the evidence supported a finding that plaintiff exposed himself to a medical records clerk and that this represented another in a line of major offenses.

¶ 30    Plaintiff argues that the statement violated due process because it did not summarize his written statement and only provided Jared's version of events. Both cases plaintiff cites in support are inapposite. First, plaintiff cites *Scruggs v. Jordan*, 485 F.3d at 941, to assert that the Committee's statement must be reasonably specific and may not simply adopt the officer's report as written. That case, however, dealt with a disciplinary decision based upon the prisoner's own admission, not an officer's report, and supports the sufficiency of the final summary report in stating that the Seventh Circuit "has repeatedly upheld the sufficiency of written statements that indicate only what evidence was relied upon to make the decision, and why." *Id.*

¶ 31    Next, in *Chavis v. Rowe*, the Seventh Circuit found a violation of due process because the prison disciplinary body's statement referred to a reporting officer's charges without delineating what evidence the reporting officer relied upon or why the body credited the report over the inmate's statement. *Chavis v. Rowe*, 643 F.2d 1281, 1287 (7th Cir. 1981) ("The Adjustment Committee's report at the conclusion of the hearing simply said: 'We recognize and consider the

resident(')s statement(,) however(,) we accept the reporting officer(')s charges.'"). Here, the Committee relied on a report by the officer to whom plaintiff allegedly exposed himself. The Committee included Jared's own detailed observations of the incident in their statement, not mere conclusions. That the Committee credited the officer's version of the facts over plaintiff's without explicitly stating as much here is not a due process violation. *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987) ("Obviously, therefore, the committee believed the conduct report and disbelieved the plaintiff. As there is no mystery about its reasoning process, despite the extreme brevity of its statement of reasons, that statement is not so deficient as to create error of constitutional magnitude.")

¶ 32    The Committee's statement made clear the "evidence relied upon and the reasons for the disciplinary action[:]" Jared's report against plaintiff, the findings of the mental health department, and the need for progressive discipline considering plaintiff's prior offenses in recent months. *Fillmor*e, 2019 IL 122626, ¶ 57. Because the evidence and the Committee's written statement were both sufficient, plaintiff has failed to allege a due process violation in relation to either.

¶ 33                          C. Allegations of Partiality

¶ 34    Finally, plaintiff argues that defendants denied him an impartial decisionmaker because defendant Williams, who sat on the Committee, allegedly failed to document an objection from plaintiff in a prior proceeding. Defendants contend that this bare allegation does not overcome the presumption of good faith afforded to administrative officials.

¶ 35    Prisoners are entitled to an impartial decisionmaker in disciplinary proceedings. *Fillmor*e, 2019 IL 122626, ¶ 65. At the same time, state administrators are presumed to be objective. *Alan Josephsen Co. Inc. v. Village of Mundelein*, 2024 IL App (1st) 230641, ¶ 20. To overcome that

presumption, a plaintiff must show that the proceedings "were either tainted by dishonesty or contained an unacceptable risk of bias." *Id.*

¶ 36    Here, plaintiff has only alleged that defendant Williams failed to log one of plaintiff's objections in a previous proceeding. Even taking this allegation as true, it does not establish dishonesty or bias in the present proceeding. As a result, plaintiff has failed to state a claim for a due process violation on these grounds.

¶ 37                                    III. CONCLUSION

¶ 38    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 39    Affirmed.